David L. WATTERS and William L. Ammons, Plaintiffs,

v.

Trooper L. E. PARRISH et al., Defendants.

Civ. A. No. 74–C–44–C.

United States District Court, W. D. Virginia, Charlottesville Division.

May 19, 1975.

Edward L. Hogshire, Charlottesville, Va., for plaintiffs.

Edgar F. Puryear, Jr., Orange, Va., for Kemper Aylor, Maylon Aylor, Kelsey Jones.

Edward R. Slaughter, Jr., Charlottesville, Va., for L. C. Parrish, Jr., W. E. Shifflette.

Talmage N. Cooley, Waynesboro, Va., for Kemper Aylor, Maylon Aylor.

Henry Massie, Asst. Atty. Gen., Richmond, Va., for L. E. Parrish, William S. Shifflett.

## OPINION AND JUDGMENT

DALTON, District Judge.

In this action, defendants have filed pursuant to Fed.R.Civ.P. 12(b)(6) motions to dismiss for failure to state a cause of action under 42 U.S.C. §§ 1983 and 1985(3).

Plaintiffs bring this action for declaratory, injunctive and compensatory relief under 42 U.S.C. §§ 1983, 1985(3), 2201 and 2202 and allege the following facts:

On a weekend in October, 1973, plaintiffs, hiking enthusiasts from Northern Virginia, parked their automobiles alongside state roads bordering Shenandoah National Park. They then entered the Park for an overnight camping trip. The next day, upon returning to the site where they had parked their automobiles, plaintiffs discovered them missing. They immediately notified the Virginia State Police in Culpeper, Virginia. The State Police told them that their cars had been towed away by private towing services at the request of the state police and that they could retrieve their cars at establishments operated by Defendants Aylor and Jones.

With much personal inconvenience, plaintiffs located their cars. Plaintiff Watters was required to pay a towing charge of $25.00. He further discovered that because of improper towing, his car had been damaged in an amount estimated at $850.00. Plaintiff Ammons was required to pay a towing charge of $30.00. He likewise discovered that because of improper towing, his car had been damaged in an amount estimated at $100.00. Neither plaintiff received any traffic citation, summons or warrant.

Plaintiffs have filed suit against L. E. Parrish, William S. Shifflett both Virginia State Policemen, and Kemper Aylor, Maylon Aylor, and Kelsey Jones, private towing operators who removed plaintiffs' cars. Plaintiffs also sue "certain unknown named members of the Virginia State Police".

Plaintiffs invoke this court's jurisdiction under 28 U.S.C. § 1343.

Defendants have filed motions to dismiss that challenge (1) this court's jurisdiction and (2) the causes of action purportedly stated under sections 1983 and 1985.[1]

### I

Defendants' first ground for dismissal is that this court does not have jurisdiction under 28 U.S.C. § 1343. Defendants argue that § 1343(3), which, they admit, covers § 1983 actions, extends federal court jurisdiction only to those civil rights actions under § 1983 that implicate "personal rights" as opposed to a "mere property right". They cite as authority *Howard v. Higgins*, 379 F.2d 227 (10th Cir. 1967).

For years, the distinction between "personal rights" and "property rights" as the basis of jurisdiction under § 1343 was widespread among lower courts. In 1972, however, the Supreme Court in *Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424, repudiated this differentiation as a contour of federal jurisdiction. The court, Mr. Justice Stewart speaking for the majority, observed:

". . . the dichotomy between personal liberties and property rights is a false one. Property does not have rights. People have rights. The

---

1. For purposes of this motion, this court has considered grounds for dismissal asserted by any defendant as filed on behalf of all defendants.

right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth a "personal" right, whether the "property" in question be a welfare check, a home, or a savings account. In fact, a fundamental interdependence exists between the personal right to liberty and the personal right in property. Neither could have meaning without the other. . . . Congress recognized these rights in 1871 when it enacted the predecessor of §§ 1983 and 1343(3)." *Ibid* at 552, 92 S.Ct. at 1122.

■ The effect of *Lynch, supra* is to make § 1343(3) co-extensive with the substantive rights protected under § 1983. This court accordingly has jurisdiction under 28 U.S.C. § 1343(3). Defendants' motion to dismiss on this ground is therefore without merit.

## II

■ Plaintiffs base their suit on two constitutionally protected rights: the right to due process and the right to interstate travel.

Plaintiffs state as their first cause of action that:

"the concerted actions of the defendants in towing away plaintiffs' automobiles without issuing them a citation or summons and without affording them a hearing in order to contest such actions have thereby deprived plaintiffs of their property without due process of law under color of state law."

It is the opinion of this court that this allegation states a cause of action under 42 U.S.C. § 1983.

It is important to note that plaintiffs do not claim, and with good reason, that they were entitled to a hearing before their cars were seized and towed. Nor do they challenge the constitutionality of the state statute under which the police officers purportedly acted. What plaintiffs do claim, however, is that by failing to issue them a citation for their alleged violation of state law which re-

sulted in the seizure of their cars, the police officers denied them the opportunity to be heard before they suffered the unremediable and final consequences, both legal and practical, of their conduct. This, they claim, denied them due process. The dispositive issue, then, is whether the failure of the state to provide a hearing at any time, before or after property is seized, violates due process. This court is of the opinion that this question must be answered affirmatively and that if proved, plaintiffs' allegations would indicate a denial of due process for which relief is available under section 1983.

■ The fourteenth amendment prescribes that the state may not deprive a person of property without due process of law. Most of the recent cases that have considered the requirements of the Due Process Clause have considered whether a hearing is required before state seizure of property. *See e. g., Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). These recent cases, however, must not obscure settled constitutional doctrine that a fundamental requirement of due process is the opportunity to be heard at some meaningful time. *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L. Ed. 1363 (1914). "[The] right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." *Anti-Fascist Committee v. McGrath,* 341 U.S. 123, 168, 71 S.Ct. 624, 646, 95 L.Ed. 817 (1965) (Frankfurter, J., concurring). A survey of the cases on this point clearly indicates that where the court has rejected the need for a hearing before the initial seizure, a principal rationale has been that a hearing would be provided before the injury occasioned by the taking became final. *See, e. g., North American Cold Storage Co. v. Chicago,* 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed 195 (1908) (seizure of food unfit for con-

sumption); *Ewing v. Mytinger and Casselberry,* 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950) (seizure of misbranded articles in commerce). Addressing this issue, Mr. Justice White, after reviewing the contours of due process, observed in the recent case of *Arnett v. Kennedy,* 416 U.S. 134, 179, 94 S.Ct. 1633, 1656, 40 L.Ed.2d 15 (1974) (concurring in part and dissenting in part): "While these cases [discussing the due process requirements] indicate that the particular interests involved might not have demanded a hearing immediately, they also reaffirm the principle that property may not be taken without a hearing at some time." If state policemen acting under color of state law, seized plaintiffs' car in such a way 'that deprived them of the opportunity to challenge the lawfulness of the seizure, they acted in a way that deprived plaintiffs of due process. The plaintiffs have stated a claim under section 1983.

██ Plaintiffs' second cause of action under section 1983 is based on the constitutionally protected right to interstate travel vitalized in *United States v. Guest,* 383 U.S. 745, 757–760, 86 S.Ct. 1170, 16 L.Ed.2d 239 and its progeny. Plaintiffs' complaint, however, makes clear that plaintiffs were not engaged in interstate travel. They resided in Northern Virginia and intended to travel to a National Park within Virginia. No interstate travel being intended, there is no need to consider whether defendants impeded that travel. Plaintiffs' cause of action based on interstate travel is therefore dismissed.

### III

Two questions remain: (1) whether plaintiffs' cause of action, cognizable under section 1983 against the defendant state policemen, may be maintained against the private towing operators Aylor and Jones; (2) whether plaintiffs' cause of action may be maintained under 42 U.S.C. § 1985(3).

██ Plaintiffs allege that "Defendants Aylor and Jones, in responding to the requests of the Defendants Parrish, Shifflett and other named but unknown State Troopers acted as agents of the state in a conspiracy which had as its effect the deprivation of plaintiffs' right to due process, under the color of state law. . . ." Plaintiffs further allege that Defendants Aylor and Jones acted at the direction of the state police and then only in response to and reliance on the authority of the state police. This being the case, it is clear that Defendants Aylor and Jones acted "under color of state law" for the purposes of section 1983. "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *United States v. Classic,* 313 U.S. 299, 327, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). Nevertheelss, in assessing the liability of Aylor and Jones under section 1983, it is necessary to keep in mind the precise nature of plaintiffs' cause of action under 1983. Plaintiffs' cause of action rests not on the seizure of the cars standing alone, but on the state's failure to provide a hearing after the seizure. Consequently, even though Aylor and Jones may have acted "under color of state law" in towing the cars, because the towing by itself was not the constitutional deprivation, they would incur no liability under section 1983 unless plaintiffs could prove that they conspired with the state police to remove plaintiffs' cars without affording plaintiffs an opportunity to challenge the taking.[2] Since plaintiffs have alleged such a conspiracy, plaintiffs have stated for the purposes of

---

2. Maylon Aylor has filed an affidavit denying any knowledge of the matters in issue other than that he remove a car when requested to do so by the state police. This affidavit, of course, denies the existence of a conspiracy. It should be presented, however, as part of a motion for summary judgment and cannot be considered as part of this motion to dismiss since all parties have not had an opportunity to file counteraffidavits.

this motion to dismiss a cause of action against them under section 1983.[3]

Plaintiffs also assert a cause of action under 42 U.S.C. § 1985. That section provides, in pertinent part that "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the law . . ., the party so injured or deprived may have an action for the recovery of damages. . . ."

■ Section 1985, by its terms, applies only to denials of equal protection, not of due process. Plaintiffs make no allegations of unequal treatment or any equal protection violation. Consequently, their claim for relief under section 1985 must be dismissed.

## IV

In the motion to dismiss filed on behalf of Defendants Parrish, Shifflett and certain unknown named members of the Virginia State Police, dismissal with respect to certain unknown named policemen is urged for lack of jurisdiction, improper venue, insufficient process and insufficient service of process. The motion also moves to dismiss because of lack of an actual controversy, failure to exhaust available state remedies and the statute of limitations.

■ Concerning the unknown named policemen, this court overrules defendants' motions so to give the plaintiffs an opportunity to conduct discovery and add any additional parties after discovery. If additional parties are added, this court will then entertain any motions to dismiss with respect to additional parties that counsel might wish to make. All other grounds for

dismissal are overruled. This case clearly presents a case or controversy; state remedies need not be exhausted under section 1983; and the statute of limitations had not run when this suit was filed.

For the above reasons, defendants' motions to dismiss are partially overruled. All defendants are ordered to answer within fifteen days of this judgment.

The clerk is directed to send copies of this opinion and judgment to counsel of record.

---

3. Although it is not settled whether a conspiracy count is cognizable under section 1983, *see Lee v. Hodges*, 321 F.2d 480 (4th Cir. 1963); this court believes that where the complaint alleges that the conspiracy has been actually carried into effect, as plaintiffs allege here, the "conspiracy" count may be treated as simply an action against codefendants for the deprivation of constitutional rights under section 1983. *Lewis v. Brautigam*, 227 F.2d 124, 127–128 (5th Cir. 1955). *See also Hoffman v. Halden*, 268 F.2d 280, 293–295 (9th Cir. 1959).