Sidney L. SOFFER, Plaintiff,

v.

CITY OF COSTA MESA, Harbor Towing, Defendants.

No. CV 83–2252–ER(B).

United States District Court,
C.D. California.

March 28, 1985.

Sidney L. Soffer, pro per.

James M. Tillipman, Los Angeles, Cal., for City of Costa Mesa.

Steven P. Crickard, Hillsinger & Costanzo, Los Angeles, Cal., for Harbor Towing.

## AMENDED MEMORANDUM ORDER

RAFEEDIE, District Judge.

Motions by defendants City of Costa Mesa and Harbor Towing for summary judgment in the above captioned case came before this Court for oral argument on January 21, 1985. The Court granted partial summary judgment as to certain issues and denied summary judgment as to others. Concerned about the procedural posture of the case, the Court reviewed all the files, motions, and orders in the case and issues this Order to clarify for the parties the issues that remain to be decided either by a future motion for summary judgment or at trial. This case has been pending for nearly two years and has consumed a significant amount of the Court's resources. It is the hope of the Court that this Order will focus the unresolved legal and factual issues in the case so that they can be expeditiously resolved.

## I. FACTS

This matter was filed *in pro per* on April 8, 1983. The case arises out of the towing of plaintiff Sidney Soffer's 1962 Cadillac on April 9, 1980 by defendant Harbor Towing on orders from defendant City of Costa Mesa's Police Department. On June 3, 1980, after several meetings between plaintiff and police officials, plaintiff was notified by the City of Costa Mesa that the car would be released with the City of Costa Mesa paying all towing and storage charges. The car was returned to plaintiff.

On April 8, 1983 plaintiff, a resident of Costa Mesa, filed this action alleging that defendants failed to provide due process before and during the temporary impoundment of his vehicle. Plaintiff seeks damages for violation of 42 U.S.C. § 1983 in the amount of $800 for the property damage to his car, $10,000 for deprivation of his constitutional rights, and $10,000 in exemplary damages.

As the action was filed *in pro per* it was assigned to Magistrate Volney V. Brown, Jr. who decided a number of motions before the case returned to this Court.

The basic facts of the case are stated in plaintiff's complaint and, for the most part, are not disputed by the defendants. Plaintiff's Cadillac was parked on Arbor Street in the City of Costa Mesa, California. On March 31, 1980 plaintiff saw a "violation notice" on the windshield of the automobile

which stated that the vehicle might be violating Costa Mesa Municipal Ordinance No. 76–40 which provides that no person shall park a vehicle on any street for more than seventy-two consecutive hours without having moved that vehicle three car lengths and the odometer not having changed at least 1/10th of a mile.[1] On April 9, 1980, nine days after plaintiff received notice of possible violation of the Ordinance, Cadet Whitehead of the Costa Mesa Police Department ordered that the car be towed and defendant Harbor Towing towed the car. Unwilling or unable to pay the towing fee, plaintiff did not recover his car from Harbor Towing until approximately two months after the towing when the City agreed to pay all charges.

Soon after the car was towed, plaintiff had a meeting with Sergeant Holbrook of the Costa Mesa Police Department who determined that the towing was proper. No witnesses appeared at that session. A similar session was held between plaintiff and Police Chief Neff who reached the same conclusion as Sergeant Holbrook. On June 4, 1980 a third review of the matter was scheduled before the City Manager Fred Sorsabal, however, before that meeting took place, the City Manager sent a letter to plaintiff stating that the towing and storage of plaintiff's vehicle had been reviewed and that the vehicle would be released with the City paying the towing and storage charges.

For reasons that are not apparent, plaintiff persisted in this matter and requested a review of the City Manager's decision by the Costa Mesa Council. The request was denied by the Council on July 28, 1980.

Either during the towing or during the storage of plaintiff's automobile, it was damaged on the passenger side. Defendant Harbor Towing has admitted liability for that damage.

Approximately four months after plaintiff's vehicle was towed, the City repealed the Ordinance which authorized the towing and replaced it with a new Ordinance, No. 80–13, providing additional procedural protections.

## II. PROCEDURAL HISTORY

After two motions had been considered by Magistrate Brown on the issue, the Magistrate dismissed eight of the original defendants in the action including the police chief, the city manager, and members of the city council. That order was entered October 26, 1983 leaving only two defendants in the action—the City of Costa Mesa and Harbor Towing. The dismissed defendants filed for and were awarded attorney's fees under 42 U.S.C. § 1988 because of the Magistrate's finding that the allegations against these defendants were unfounded, unreasonable, and/or vexatious.

Plaintiff filed no pleadings opposing the award of fees.

On April 17, 1984 the Magistrate heard argument on two summary judgment motions, one filed by defendant City of Costa Mesa and one filed by plaintiff Soffer. The City of Costa Mesa argued in its motion for summary judgment that the case was moot due to the passage of the new ordinance. Plaintiff Soffer sought summary adjudication that the ordinance was unconstitutional and that defendants were liable. Both motions were denied.

The matter was then transferred to this Court as plaintiff would not stipulate to have the case tried before the Magistrate.

On August 30, 1984 this Court denied plaintiff's motion objecting to Magistrate Brown's ruling on plaintiff's summary

---

1. "B. No person who owns or has possession, custody or control of any vehicle ... shall park such vehicle upon any street or alley for more than a consecutive period of seventy-two (72) hours.

"C. Vehicles found parked in violation of this article may be cited or towed away and stored by the City. Any towing and storage charges shall be due and payable by the owner or possessor of such vehicle prior to its being released. If no owner or possessor claims such vehicle within thirty (30) days, it may be sold for such costs in the manner provided in CVC Section 22705 or Section 22850 et seq."

judgment motion. This Court adopted the Magistrate's Order and Findings with regards to plaintiff's motion for summary judgment only. This Court did not review the mootness question. On January 21, 1985 this Court heard oral argument on two new motions for summary judgment filed separately by each remaining defendant. Defendant Harbor Towing moved for summary judgment based on its alleged lack of liability under § 1983, the constitutionality of the ordinance, and the existence of an adequate state remedy. Defendant City of Costa Mesa moved for summary judgment solely on the latter issue arguing under *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), that there exists an adequate state law remedy and, therefore, no due process violation had occurred.

### III. HARBOR TOWING'S LIABILITY

■ Defendant Harbor Towing contests its liability under § 1983 on the basis of a district court opinion, *Watters v. Parrish*, 402 F.Supp. 696 (D.Va.1975), and a Fourth Circuit opinion, *Huemmer v. Mayor and City Council of Ocean City*, 632 F.2d 371 (4th Cir.1980). While the reasoning of these cases is persuasive, they are not the law of this circuit. Two Ninth Circuit opinions have held that a private towing company "acting at the behest of a police officer and pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws act under color of state law for the purposes of Section 1983." *Goichman v. Rheuban Motors*, 682 F.2d 1320, 1322 (9th Cir.1982) *citing Stypmann v. City and County of San Francisco*, 557 F.2d 1338 (9th Cir. 1977). Therefore, this Court is compelled to reject defendant Harbor Towing's argument in its motion for summary judgment that it is not liable under § 1983 for merely towing plaintiff's vehicle.

### IV. PARRATT v. TAYLOR

■ Both defendants contend that summary judgment is appropriate because plaintiff Soffer has adequate post deprivation remedies under state law. In *Parratt v. Taylor*, 541 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) the Supreme Court held that a prisoner was not deprived of property without due process of law where there existed a state tort claim statute that could provide full redress for his property loss.

*Parratt* would be on point if all plaintiff sought was compensation for the damage done to his car during the towing. "The majority opinion in *Parratt* concentrates on problems inherent in turning federal courts into forums for dealing with common law torts that are the regular business of state courts." *Wakinekona v. Olim*, 664 F.2d 708 (9th Cir.1981). However, in the instant case plaintiff challenges the procedures of the City of Costa Mesa, not a negligent or intentional deprivation of property. As the Supreme Court recently wrote in *Hudson v. Palmer*, —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984):

Two terms ago we reaffirmed our holding in *Parratt* in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148 [71 L.Ed.2d 265] (1982) in the course of holding that post-deprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random unauthorized action.

*Parratt* is, therefore, not applicable to consideration of plaintiff's challenge to the Costa Mesa ordinance. It is however, applicable to his claim for damages for the damage to his automobile. In light of the admission of liability by defendant Harbor Towing, the Court will exercise pendent jurisdiction over this state law claim. The sole issue remaining for final resolution of that claim is the amount of damages.

■ With respect to any claims of negligent or intentional deprivation of property by employees of the City of Costa Mesa that might be precluded by *Parratt*, the Court need not reach that question as those employees are not defendants in this case. Municipalities cannot be sued under § 1983 under a respondeat superior theory for the unconstitutional acts of their employees. *Monell v. Department of Social Services*,

436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The only question then that remains in this case is the constitutionality of the Costa Mesa ordinance.

## V. MOOTNESS

■ Article III of the Constitution empowers federal courts to decide cases and controversies. Federal courts do not issue advisory opinions on matters which may have presented a case or controversy when they were filed, but have subsequently become moot. The question of mootness is often raised by the court on its own because it is a jurisdictional matter. *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537, 98 S.Ct. 2923, 2927, 57 L.Ed.2d 932 (1978); *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978).

■ The passage of the new ordinance by the Costa Mesa City Council raises the question of whether the instant case between Mr. Soffer and the City of Costa Mesa presents sufficient adverseness at this stage in the litigation to illuminate the constitutional due process questions that necessarily must be decided in this case. If a court concludes that "new legislation was specifically intended to resolve the questions raised by pending litigation, a court may find that the dispute is moot ..." 13A Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3533.6 at 337. This rule would be applicable to the instant case if the remedy plaintiff sought was declaratory or injunctive relief. The case would be moot and dismissed. But plaintiff in this case has never sought such relief; he seeks only damages for the alleged constitutional deprivation under § 1983.

Another district court has faced a nearly identical factual situation. In *Hann v. Carson*, 462 F.Supp. 854 (M.D.Fla.1978) plaintiff sued challenging the constitutionality of the Jacksonville, Florida towing and impoundment ordinance. The City Council repealed the ordinance and enacted a different one to provide sufficient procedural due process. The plaintiff's requests for declaratory and injunctive relief were mooted by the City Council's action but plaintiff's request for compensatory relief was not.

Similarly in *McKenna v. Peekskill Housing Authority*, 647 F.2d 332 (2d Cir.1981) a constitutional challenge to a housing authority's rules was mooted by a change in the rules, but the § 1983 claim for damages remained alive. The *McKenna* court stated:

> [P]laintiffs' damage claim was "sufficient to ensure that the requisite case or controversy exists," ... "Although this may influence the size of the award, it does not preclude recovery. If the wrong complained of is a mere technical violation of the plaintiff's constitutional rights and she is unable to prove actual damage, she would nevertheless be entitled to a recovery of nominal damages.... The availability of either nominal damages or substantial damages is sufficient to prevent this case from becoming moot."

*Id.* at 335 *quoting Davis v. Village Park II Realty Co.*, 578 F.2d 461 (2d Cir.1978).

In the instant case, if plaintiff prevails on his constitutional claim of denial of due process he would be entitled to damages under § 1983. Therefore, a live case and controversy exists despite the fact that the City is less likely to defend vigorously a defunct ordinance than an existing one. The possibility of damages, however small, still exists. As the Supreme Court wrote in *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978):

> Because the right to procedural due process is "absolute" in the sense that it does not depend on the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury. We therefore hold that if, upon remand, the District court determines

that respondents' suspensions were justified, respondent nevertheless will be entitled to recover nominal damages not to exceed one dollar from petitioners.

435 U.S. at 266, 98 S.Ct. at 1054 (citations omitted).

In this important damages case, the Supreme Court cited similar awards of nominal damages in lower court cases decided under § 1983. Therefore, even if the City of Costa Mesa's contention that Mr. Soffer did not suffer actual damages is correct, it may be appropriate, if a constitutional violation is found, to award nominal damages to plaintiff following the dictates of the Supreme Court in *Carey v. Piphus, supra.*

## VI. PRE–TOW HEARING

Plaintiff contends that the notice he received on March 31, 1980 that his car was violating the Costa Mesa Municipal Ordinance was insufficient due process. He argues that the Fourteenth Amendment requires that a hearing be given before "abandoned" vehicles are towed. As there is no Circuit Court precedent directly on point, the Court considers the pre-tow hearing question with respect to "abandoned" vehicles worthy of careful consideration.[2]

The law is clear in other circuits that "illegally parked" vehicles can be towed without a pre-tow hearing. *Sutton v. City of Milwaukee*, 672 F.2d 644, 648 (7th Cir. 1982); *Cokinos v. District of Columbia,* 728 F.2d 502 (D.C.Cir.1983) ("As for the right to notice and hearing before towing in a non-emergency situation we follow [*Sutton v. City of Milwaukee*] and conclude there is no right to pre-tow notice and hearing."). Ninth Circuit cases that have considered the due process requirements in towing situation have not addressed the pre-tow hearing issue. *Goichman v. Rheuban Motors, Inc.,* 682 F.2d 1320, 1323 (9th Cir.1982); *Stypmann v. City and County of San Francisco,* 557 F.2d 1338,

1342 (9th Cir.1977) ("In our view this case does not present the issue of whether a hearing is required before seizure occurs"). The *Stypmann* court did note in *dicta* at footnote 10 that towing without notice and hearing is proper in some circumstances while "in other circumstances the need for summary action is not so clear." For this latter proposition, the court cited two District Court opinions. *Tedeschi v. Blackwood,* 410 F.Supp. 34 (D.Ct.1976) (three judge court); *Graff v. Nicholl,* 370 F.Supp. 974 (N.D.Ill.1974) (three judge court).

In *Tedeschi v. Blackwood, supra,* the court did not expressly decide the pre-tow hearing issue though it did discuss the importance of notice before abandoned cars are towed:

The importance of prior notice is increased in this situation because the statute in question is not narrowly drawn. It [does not] define[ ] "abandoned" ... In the case at hand the determination was made that the car was abandoned because it had not been moved within 24 hours and because it had a flat tire. Neither of these facts seems particularly conclusive. *Failure to respond to adequate notice, on the other hand, would be particularly probative in the determination of a question which turns essentially on the subjective intent of the owner of the vehicle.*

*Id.* at 45 (emphasis added).

In the instant case, notice was not only given but plaintiff Soffer admits receiving it. The facts that were absent in *Tedeschi* are present in the case this Court must decide. The fact that nine days after the notice of a violation was placed on Mr. Soffer's vehicle the notice had not been removed and the car was in the same location was "particularly probative" in Cadet Whitehead's determination that the car had been abandoned.

The second case cited in Footnote 10 of *Stypmann* is relied on heavily by plaintiff.

---

2. "Thus the precise question we must decide is whether it is a denial of due process to tow a person's *illegally* parked car without giving him notice and an opportunity to be heard before the car is towed. The question is one of first impression at the federal appellate level." *Sut-*

*ton v. City of Milwaukee,* 672 F.2d 644, 645 (7th Cir.1982) (emphasis added). *Sutton* held no pre-tow hearing required when vehicle illegally parked. The instant case presents the pre-tow hearing question in situations where "abandoned" cars are towed.

In *Graff v. Nicholl,* 370 F.Supp. 974 (N.D. Ill.1974) (three judge court) the court stated explicitly, "due process requires that notice and an opportunity for a hearing be accorded to owners of abandoned vehicles prior to towing." *Id.* at 983.[3]

■ The statement of law regarding pre-tow hearings in *Graff* is straightforward, however, this Court is not bound by a District Court opinion and believes that review of the constitutional issue is called for in light of the major Supreme Court pronouncements on due process that have been made in the decade since *Graff* was decided. The *Graff* case was decided two years before *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) in which the Supreme Court held that an evidentiary hearing is not required before the termination of Social Security disability benefits. *Mathews* set the standard that this Court must apply to determine the extent to which due process requires an evidentiary hearing prior to the deprivation of some type of property interest if such hearing is provided thereafter. That standard requires the consideration of three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335, 96 S.Ct. at 903.

### A. INTEREST AFFECTED

A person's interest in his or her automobile is certainly significant. *Goichman v. Rheuban Motors, Inc.,* 682 F.2d 1320, 1324 (9th Cir.1982). This is particularly true in Southern California, however, in weighing the importance of an interest, "the duration of any potentially wrongful deprivation of a property interest is an important factor …" *Mackey v. Montrym,* 443 U.S. 1, 12, 99 S.Ct. 2612, 2618, 61 L.Ed.2d 321 (1979). The law in the Ninth Circuit is that a post-tow hearing must be held within 48 hours of the tow. *Goichman, supra* at 1325. Therefore, the interest affected in considering this matter is the potential wrongful deprivation of a vehicle for, at most, two days. *See Sutton v. City of Milwaukee,* 672 F.2d at 646 (1982) (property interest in temporary loss of use of automobile termed "slight").

The Supreme Court considered a related interest, a driver's license, in *Dixon v. Love,* 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977) and unanimously held no pre-revocation hearing was required. In examining the nature of the private interest at stake in the loss of driving privileges, the court found it "not so great as to require us 'to depart from the ordinary principle, established by our decisions, that something less than an evidentiary hearing is sufficient prior to adverse administrative action.'" *Id.* at 113, 96 S.Ct. at 1728.

### B. RISK OF ERRONEOUS DEPRIVATION

The second *Mathews v. Eldridge* factor this Court must weigh is the risk of erroneous deprivation and the probable value of additional safeguards. The Costa Mesa ordinance, the substance of which plaintiff does not challenge, is violated when (1) a vehicle is parked on the street for more

---

**3.** The facts of *Graff* are distinguishable from the instant case. There a police notice was placed on the vehicle by the police stating that the vehicle could be towed as abandoned. Ten days later the officer returned and found that the notice was gone. "[Plaintiff] testified that he never saw this notice and there was no evidence to indicate how long it had remained on the automobile." *Graff v. Nicholl, supra* at 978. Plaintiff Soffer makes much of *dicta* in *Sutton v. City of Milwaukee,* 672 F.2d 644 (7th Cir.1982) that supports the holding of the *Graff v. Nicholl* case. A careful reading of *Sutton* shows that the court only focused on the question of notice before towing of an abandoned car when it reviewed *Graff,* not the question of a pre-tow hearing. 672 F.2d at 647. Costa Mesa provided notice, received by plaintiff, that the vehicle would be towed.

than 72 consecutive hours without having been moved three car lengths; and (2) the odometer has not changed at least one-tenth of a mile. The determination of these two factors is rather cut and dried and the risk of erroneous deprivation by a police officer is small. Either the odometer has moved the required amount or it has not and it is doubtful that an officer would misread an odometer before ordering a tow. Similarly it is doubtful that an officer would mistakenly order the towing of a car which had actually moved three car lengths.

"Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty or property. Thus, in deciding what process constitutionally is due in various contexts, the Court repeatedly has emphasized 'procedural due process rules are shaped by the risk of error inherent in the truth-finding process ...'" *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). The risk of error in the application of Costa Mesa ordinance does not appear to be a substantial one.

Because it is conceivable, however, that an erroneous towing could occur, the Court must consider whether additional pre-tow safeguards, over and above the notice of violation Costa Mesa police place on the vehicle, would reduce that risk. The Court thinks not. Vehicle owners who contested the violation before towing would have to be those who had seen the notice. Given the ease with which they could move their vehicles and thereby comply with the ordinance, it would be unduly burdensome to read into the constitution a requirement that a hearing must be provided for those

litigious citizens who would rather argue about than comply with a municipal ordinance.[4] Post-tow hearings stand on a very different footing, as the deprivation can be longer, permanent in some situations, and the cost of towing and storage can be assessed to the owner and a lien placed on the car for those charges. *See Stypmann v. City and Cty. of San Francisco*, 557 F.2d 1338, 1344 (9th Cir.1977) (Seizure of property without hearing sustained only where owner afforded prompt post-seizure hearing "at which the person seizing the property must at least make a showing of probable cause").

## C. GOVERNMENTAL INTEREST AND BURDENS

There is a governmental interest in removing abandoned cars from its streets for aesthetic reasons and to prevent vandalism. While the immediacy of this governmental interest is not as great as, for example, the interest in towing cars that are blocking traffic, in a given neighborhood abandoned cars can be of great concern to residents. In addition, there is a "substantial public interest in administrative efficiency [that] would be impeded by the availability of a pre-[tow] hearing in every case" *Dixon v. Love, supra* at 114, 196 S.Ct. at 1728.

The Supreme Court could have been talking about this case when it wrote:

Where the potential length or severity of the deprivation does not indicate a likelihood of serious loss and where the procedures underlying the decision to act are sufficiently reliable to minimize the risk of erroneous determination, government may act without providing advance procedural safeguards.

**4.** In applying due process calculus, this Court is not required to nor will it abandon common sense. *See generally* Mashaw, "The Supreme Court's Due Process Calculus for Administrative Adjudication in Mathews v. Eldridge: Three Factors in Search of a Theory of Value," 44 *U.Chi.L.Rev.* 28 (1976). There is no interest to be served by requiring a pre-deprivation hearing before towing abandoned cars as long as notice is given to the owner. The post-deprivation hearings in the instant case, where plaintiff and police officers presumably debated about whether or not the Cadillac had moved one tenth of a mile or three car lengths, demonstrate in the Court's view, the circus that a pre-tow hearing in each case could create. The Constitution does not require that police officers spend valuable time debating with citizens whether their car has moved a tenth of a mile when those citizens can simply move their vehicles and cure the violation of the ordinance.

*Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 19, 98 S.Ct. 1554, 1565, 56 L.Ed.2d 30 (1978).

■ Since the three judge district court's opinion in *Graff* holding that a pre-tow is required, the Supreme Court has held that no pre-deprivation hearing is required before the loss of Social Security disability benefits, *Mathews v. Eldridge, supra,* or before the revocation of a driver's license, *Dixon v. Love, supra,* or for nursing home residents before the revocation of their nursing home's authority to provide them with nursing care at government expense, *O'Bannon v. Town Court Nursing Center,* 447 U.S. 773, 100 S.Ct. 2467, 65 L.Ed.2d 506 (1980). While the above cases implicate different interests than the instant case, it simply cannot be said that the same due process clause which does not require pre-deprivation hearings in the above situations requires a hearing before a municipality can tow what it reasonably believes to be an abandoned automobile.

■ This order does not and need not address the exact confines of what type of notice due process requires before abandoned vehicles are towed. Due process would likely require notification that is reasonably calculated to let the owner of the vehicle know that the municipality believes the vehicle is in violation of a local ordinance. Since notice here was given and received, the adequacy of the notice procedures is not an issue in this case.

### VII. POST–TOW HEARING

■ To satisfy due process, a post-tow hearing must be held within forty-eight hours to determine whether the car was properly towed. *Goichman v. Rheuban Motors, Inc.,* 682 F.2d 1320, 1324 (1982). In *Goichman,* the Los Angeles ordinance required the city [to] "establish probable cause for the removal of the vehicle. If unable to meet this burden, the city must itself pay the towing and storage costs. In many, if not all, cases, the city must rely on the testimony of the officer who issued the citation. The city needs sufficient time to arrange for substitute coverage of the

officer's usual duties." *Id. See also Sutton, supra* at 645. (Milwaukee post-tow procedures)

In the instant case it cannot be determined from the factual record as it has been developed whether or not Costa Mesa's post-tow hearing procedures comport with due process.

The Court notes that the City of Costa Mesa has never moved for summary judgment on this particular issue. Defendant Harbor Towing has, but cannot illuminate the City's procedures as well as the City might be able to do.

The state of the factual record does not permit this Court to grant defendant Harbor Towing's motion for summary judgment on the constitutionality of the post-tow hearing.

### VIII. ISSUES REMAINING FOR ADJUDICATION

The sole issues remaining for adjudication in this case are the amount of damages Harbor Towing is required to pay under the pendent state claim for damage to plaintiff's Cadillac and the constitutionality of the post-tow procedures employed by the City of Costa Mesa under former Ordinance 76–40. If the ordinance is held to violate due process, the amount of nominal damages to be awarded and, actual damages, if any can be shown, will be left for determination at trial. *See Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (need for and amount of nominal damages discussed). If the City concedes that its former ordinance did not provide due process, only the damages question would remain.

Defendants' Motions for Summary Judgment are granted in part and denied in part, consistent with this Order.

IT IS SO ORDERED.