**Sidney L. SOFFER, Plaintiff-Appellant,**

v.

**CITY OF COSTA MESA, Mayor Schafer, Councilman Hall, Councilman McFarland, Councilman Johnson, Councilwoman Hertzog, Chief of Police Neth, Sgt. Holbrook, and Harbor Towing, Defendants-Appellees.**

No. 85–5843.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 1986.

Decided Aug. 22, 1986.

Sidney L. Soffer, in pro per.

James Tillipman, John Streeter, Hillsinger & Costanza, Los Angeles, Cal., for defendants-appellees.

Before WALLACE, FARRIS and CANBY, Circuit Judges.

FARRIS, Circuit Judge:

Sidney Soffer, *in propria persona,* appeals from judgments granted at partial summary judgment and at trial in the district court. The case dates from April 9, 1980, when Soffer's automobile was towed from a public street by the City of Costa Mesa, California.

## I.

The facts and procedural history of the case are set out in the district court's opinion, published at 607 F.Supp. 975 (C.D.Cal. 1985). After the partial summary judgment reported in the published opinion, the court held a bench trial on the remaining issues. The court held that the City's post-tow procedures were an unconstitutional violation of due process. It held further that Soffer did not offer any proof of damages and that even had due process been complied with, the result of the April 11, 1980 hearing would have been the same. Because due process rights are "absolute," however, the court awarded Soffer nominal damages of one dollar under *Carey v. Piphus,* 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1053–54, 55 L.Ed.2d 252 (1978), denying Soffer's request for punitive damages and attorney's fees. *See generally Draper v. Coombs,* 792 F.2d 915, 922–924 (9th Cir. 1986). The court also held that defendant Harbor Towing was acting in good faith pursuant to orders from the City and was therefore not liable for damages.

## II.

A. Pre-Tow Hearing

Soffer contends that due process requires a hearing before the City may tow an automobile. In our *de novo* review of this question of law, *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984), we agree with both the district court's analysis and its result. 607 F.Supp. at 980–83. The court thoroughly discussed the factors set out in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976),

and reached a result in accord with the other circuits. *Cokinos v. District of Columbia,* 728 F.2d 502, 502–03 (D.C.Cir. 1983); *Sutton v. City of Milwaukee,* 672 F.2d 644, 645–47 (7th Cir.1982). Because we agree that there is no right to a pre-tow hearing, there are no issues remaining concerning the constitutionality of the old ordinance. Soffer correctly acknowledges that unless we remand, which we do not, the issue is moot.

## B. Award of Damages

■ Soffer did not prove, or offer to prove, any damages at trial. Nominal damages were appropriate and not an abuse of discretion. *See Carey v. Piphus,* 435 U.S. 247, 267, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981); *Smith v. Wade,* 461 U.S. 30, 51, 103 S.Ct. 1625, 1637, 75 L.Ed.2d 632 (1983); *Wiggins v. Rushen,* 760 F.2d 1009, 1011–12 (9th Cir.1985).

## C. Dismissal of the Individual Defendants.

■ We review dismissal of the individual defendants *de novo. Guillory v. County of Orange,* 731 F.2d 1379, 1381 (9th Cir.1984). Soffer's complaint and brief do not make clear whether Soffer is suing these individuals in their personal capacity or in their official capacity. *See Kentucky v. Graham,* —— U.S. ——, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). After *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978), however, suit may be brought directly against a local governmental unit, rendering suit against the individuals unnecessary unless they are sued in their personal capacity. *See Kentucky v. Graham,* 105 S.Ct. at 3106 n. 14. This rule does not apply to suits against the states, where the eleventh amendment requires suit against the individual in his official capacity. *Id.*

■ Construing Soffer's *pro per* complaint liberally, *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), we conclude that Soffer sued the individual defendants in their personal capacity. In a personal-capacity suit under 42 U.S.C. § 1983, a plaintiff must plead a deprivation of a federal right by an official acting under color of state law. *Kentucky v. Graham,* 105 S.Ct. at 3106. Soffer's amended complaint shows that he failed to do so. We affirm the dismissal of the individual defendants.

■ As to City Council members Hall, McFarland, Johnson, and Hertzog, as well as Mayor Schafer, Soffer alleges that, even though he had been given full relief, he nevertheless had a right to a hearing before the Council. This conclusory allegation is insufficient to support a claim. *Ivey v. Board of Regents of University of Alaska,* 673 F.2d 266, 268 (9th Cir.1982). The claims against Neth and Holbrook must fail for the same reasons. Soffer's pleadings recite only that he was granted "meetings" rather than hearings. The pleadings do not allege constitutional or federal statutory defects in the actions of these individuals. We will not "supply essential elements of the claim that were not initially pled." *Id.*

## D. Award of Fees

■ When the Magistrate dismissed the individual defendants in his first Order, he cautioned Soffer that further actions against the individual defendants which proved to be "meritless, unfounded, unreasonable, or vexatious" would cause him to consider awarding fees against Soffer under 42 U.S.C. § 1988. Although Soffer amended his complaint in an attempt to cure its original defects identified by the Magistrate, he did not succeed. The magistrate awarded $1,300 in fees to the individual defendants. The defendants were given leave to file a declaration of fees under the guidelines of *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), and Soffer was given 14 days to respond. Soffer filed no response. We review for abuse of discretion. *Jensen v. Stangel,* 762 F.2d 815, 817 (9th

Cir.1985), *later proceeding,* 790 F.2d 721 (9th Cir.1986), *rehearing en banc granted,* 795 F.2d 888 (1986).

Under 42 U.S.C. § 1988, a prevailing defendant may be awarded fees at the trial court's discretion where the plaintiff's action, even though not brought in subjective bad faith, is " 'frivolous, unreasonable, or without foundation.' " *Parks v. Watson,* 716 F.2d 646, 664 (9th Cir.1983) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)); *see Hughes v. Rowe,* 449 U.S. 5, 14–16, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980).

We affirm the dismissal of the individual defendants only on the ground that Soffer's pleadings are insufficient to state a claim under § 1983. At the time Soffer brought his complaint, we had not yet addressed the due process issue of a pre-tow hearing, *Soffer,* 607 F.Supp. at 980, and Soffer's due process claims as to the post-tow procedures resulted ultimately in liability on the part of the City. Claims against the officers of the City were not pleaded properly, but we cannot find that they were "frivolous, unreasonable, or without foundation."

▮ The district court is correct in its published opinion that, in this circuit, private towing companies may be liable under § 1983. *Soffer,* 607 F.Supp. at 978. Normally we would remand for an adjudication of Harbor Towing's liability, but in light of the nominal damages of only one dollar, judicial economy dictates that the case will terminate upon payment of the dollar by either the City or Harbor Towing.

Except as to the fees awarded to the individual defendants, we AFFIRM.

Soffer shall pay costs on appeal.