9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Javier M. SEGURA, Plaintiff-Appellant,
v.
Sherman BLOCK; Dale Christiansen; Charles Overlease; S &
W Towing, Defendants-Appellants.
 No. 91-55828.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 28, 1993.
As Amended Nov. 12, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, FITZGERALD, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Javier M. Segura appeals pro se the district court's dismissal and summary judgment in favor of the Los Angeles County sheriff, two county detectives, and an automobile towing company. Segura alleges that the defendants violated his civil rights by impounding his pickup truck while he was in police custody. We affirm in part and reverse in part.
 
 
 4
 This is Segura's third trip to the Ninth Circuit. We previously reversed the district court's dismissal under Parratt v. Taylor, 451 U.S. 527 (1981), and remanded so that Segura could amend his complaint. Segura v. Block, No. 86-6344 (9th Cir. Mar. 1, 1988). We later affirmed the district court's dismissal as frivolous of Segura's related lawsuit against several of the same defendants. Segura v. Block, No. 88-6746 (9th Cir. Aug. 3, 1992). The district court's dismissal of that action under 28 U.S.C. § 1915(d), however, did not constitute a judgment on the merits and therefore does not preclude Segura's present appeal. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Accordingly, we now consider whether the district court erred in granting summary judgment in favor of the defendants on Segura's 42 U.S.C. § 1983 claim and in dismissing Segura's 42 U.S.C. §§ 1985 and 1986 claims.[1]
 
 I.
 
 5
 Segura has a claim under 42 U.S.C. § 1983 if the defendants, acting under color of state law, deprived him of constitutional or statutory civil rights. 42 U.S.C. § 1983 (1988); e.g., Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). Segura grounds his § 1983 claim in allegations that the defendants violated his due process and Fourth Amendment rights by impounding and selling his truck.[2] The district court concluded, without explanation, that Segura had presented no material issues for trial and granted summary judgment for all the defendants.
 
 A. Detectives Christiansen and Overlease
 
 6
 Because Christiansen and Overlease acted in an official capacity when they ordered S & W Towing to impound Segura's truck, the detectives' conduct falls under the color of state law. E.g., West v. Atkins, 487 U.S. 42, 50 (1987); McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir.1986). Segura clearly had a property interest in the uninterrupted use of his truck. See, e.g., Scofield v. City of Hillsborough, 862 F.2d 759, 762 (9th Cir.1988); Draper v. Coombs, 792 F.2d 915, 922 (9th Cir.1986). The issue, therefore, is whether the detectives deprived Segura of this interest without due process of law.
 
 
 7
 Several Ninth Circuit cases delineate the constitutionally required procedures that police must follow when impounding a vehicle pursuant to statutory authority. See Scofield, 862 F.2d at 762-65 (pre-tow notice and hearing are not required before impounding a vehicle for expired registration, prompt post-tow notice and hearing are required); Soffer v. City of Costa Mesa, 798 F.2d 361, 362-63 (9th Cir.1986) (pre-tow hearing is not required before impounding a vehicle for violating a municipal parking ordinance); Draper, 792 F.2d at 922-23 (post-tow hearing is required after impounding a vehicle in the possession of a person who has been arrested); Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1323-25 (9th Cir.1982) (post-tow hearing within forty-eight hours after impounding a vehicle for illegal parking satisfies due process); Stypmann v. City & County of San Francisco, 557 F.2d 1338, 1342-44 (9th Cir.1977) (post-tow hearing is required after impounding a vehicle).
 
 
 8
 Christiansen and Overlease seek to justify the seizure of Segura's truck by analogizing to these cases. Because the detectives did not have statutory authority to impound Segura's truck, however, this analogy is misplaced.
 
 
 9
 The California Vehicle Code provides that police may not impound vehicles in situations other than those set forth in the statute. Cal.Veh.Code. § 22650 (West 1985). In 1985, the code enabled police to impound a vehicle if abandoned, illegally parked, reported stolen, involved in a hit-and-run accident, disabled and blocking traffic, or if the owner was arrested while driving. Id. §§ 22651-22659. See Stypmann, 557 F.2d at 1340 n. 2. The code did not, however, authorize police to impound a vehicle due to suspicion that it contained evidence of a crime.[3]
 
 
 10
 Christiansen and Overlease similarly cannot justify their actions through the case law. California courts have never permitted police to impound vehicles at will and, in fact, regularly scrutinize even statutorily-authorized vehicle seizures. See, e.g., People v. Aguilar, 279 Cal.Rptr. 246, 249 (Cal.Ct.App.1991) (illegal to impound a vehicle for the purpose of conducting an investigatory search); People v. Landa, 106 Cal.Rptr. 329, 331-32 (Cal.Ct.App.1973) (even where § 22651 authorizes police to impound a vehicle after arresting the driver, it is improper to do so when circumstances do not necessitate police custody of the vehicle); People v. Nagel, 95 Cal.Rptr. 129, 131-33 (Cal.Ct.App.1971) (same); People v. Andrews, 85 Cal.Rptr. 908, 914 (Cal.Ct.App.) ("the impoundment must be in good faith for a recognized and proper purpose; it may not be used as a device to circumvent Fourth Amendment rights"), cert. denied, 400 U.S. 908 (1970).
 
 
 11
 Christiansen and Overlease, therefore, had no authority to impound Segura's truck and probably violated his procedural due process rights. Moreover, because the detectives seized the truck without obtaining a warrant, they probably also violated the Fourth Amendment. See Soldal v. Cook County, 113 S.Ct. 538, 543-48 (1992) (Fourth Amendment prohibits the unreasonable removal of a mobile home); United States v. Cardona-Sandoval, No. 92-1385, 1993 WL 374897 at * 5-* 6 (1st Cir. Sept. 29, 1993) (Fourth Amendment prohibits the unreasonable commandeering of an ocean vessel); Conner v. City of Santa Ana, 897 F.2d 1487, 1490-92 (9th Cir.) (Fourth Amendment prohibits the unreasonable seizure of junked cars), cert. denied, 498 U.S. 816 (1990).
 
 
 12
 We hold that Segura raised a genuine issue that Christiansen and Overlease violated procedural due process and the Fourth Amendment and therefore reverse the summary judgment in favor of the detectives.[4]
 
 B. Sheriff Block
 
 13
 Because Segura has not indicated whether he is suing Block personally or in an official capacity, we must determine if he is a proper defendant in either role. Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1984); McRorie, 795 F.2d at 783.
 
 
 14
 Block's official-capacity liability turns on the liability of the Los Angeles Sheriff's Department ("LASD"), the governmental entity of which he is an agent. E.g., Graham, 473 U.S. at 165-66; McRorie, 795 F.2d at 783. Segura has a claim against the LASD only if the department was a "moving force" behind the deprivation of his federal rights. E.g., City of Canton v. Harris, 489 U.S. 378, 389 (1988). In other words, the LASD's policies or customs must have played a part in the § 1983 violation. E.g., Graham, 473 U.S. at 166; McRorie, 795 F.2d at 783. Although Segura alleged that it is "a custom of L.A. County personnell [sic] to strip [persons] of [their] possessions," he presented no evidence of such practices. Summary judgment in favor of Block was appropriate for his official-capacity liability.
 
 
 15
 Segura may hold Block individually liable under § 1983 only if the sheriff was directly involved with, and played a personal role in, the deprivation of Segura's federal rights. E.g., Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 972 (1992). Segura presented absolutely no evidence of such involvement. Because Block is not vicariously liable for the detectives' alleged violations of § 1983, e.g., id., summary judgment in favor of the sheriff also was appropriate for his personal liability.
 
 C. S & W Towing
 
 16
 Private towing companies that act at the behest of police may be liable under § 1983. E.g., Soffer, 798 F.2d at 364; Goichman, 682 F.2d at 1322; Stypmann, 557 F.2d at 1341. The district court granted summary judgment in favor of S & W Towing after finding that Christiansen and Overlease acted properly. Because we reverse the district court as to the detectives, we also reverse as to the towing company.[5]
 
 II.
 
 17
 42 U.S.C. § 1985(3) (1988) prohibits conspiracies to deprive a person of equal protection under the law. To state a claim under § 1985(3), Segura must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The district court held that Segura failed to do so.
 
 
 18
 Segura did allege "discrimination to Hispanic descent people." "Vague and conclusory allegations" without more, however, are insufficient to withstand a motion to dismiss. See Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982). Because a valid claim for relief under § 1985 is a prerequisite to a claim under § 1986, e.g., Therice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir.1988), the district court properly dismissed Segura's claims under both provisions.
 
 
 19
 AFFIRMED in part, REVERSED in part, and REMANDED.[6]
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Segura alleged for the first time that the defendants committed fraud. Because Segura has not demonstrated "exceptional circumstances" to explain his failure to raise the issue below, we decline to consider it. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)
 
 
 [2]
 In his brief, Segura nebulously refers to a violation of the Fourteenth Amendment and nothing more. Because he is appealing pro se, however, we construe Segura's pleadings liberally and give him the benefit of any doubts. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1971); Karim-Panahi, 839 F.2d at 623
 
 
 [3]
 In 1987, the California legislature amended the code to empower police to impound vehicles they have probable cause to believe contain evidence of a crime. See Cal.Veh.Code § 22655.5 (West Supp.1993). Because Christiansen and Overlease impounded Segura's truck in 1985, the amended statute is not applicable
 
 
 [4]
 We recognize that on remand Christiansen and Overlease will likely argue that they are insulated from liability under the doctrine of qualified immunity. We decline to speculate on the ultimate resolution of that issue
 
 
 [5]
 Segura alleges that S & W Towing also violated § 1983 by refusing to release his truck after being ordered by the state court to do so. This contention is incorrect because the state court never issued such an order
 
 
 [6]
 In light of our decision reinstating two of Segura's § 1983 claims, we instruct the district court to reconsider its decision dismissing Segura's pendant state tort claims. The interests of judicial economy and justice may require resolution of the federal and state claims in the same proceeding. We leave this determination to the discretion of the district court