**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY D. BARREN, Sr., | No. 12-15822 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00650-RLH-CWH |
| v. | |
| T. ROBINSON, Officer P7466; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Gregory D. Barren, Sr., appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in

connection with his arrest for domestic violence. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). We vacate and remand.

Although the district court properly dismissed Barren's complaint because Barren named the police officer defendants only in their official capacities while failing to allege a municipal policy or custom, it would not be apparent to a pro se litigant that dismissal without prejudice would allow amendment. Construing Barren's request for reinstatement as a request for leave to amend, we remand for the district court to consider the request. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court must "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts" (citation and internal quotation marks omitted)); *cf. Soffer v. City of Costa Mesa*, 798 F.2d 361, 363 (9th Cir. 1986) (construing pro se complaint as suing municipal employee defendants in their personal capacities, reasoning that suit against the individuals is otherwise unnecessary because a § 1983 suit may be brought directly against a municipality).

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**