Alain **SCOFIELD**, Plaintiff–Appellant,

v.

**CITY OF HILLSBOROUGH; William A. Key, Chief of Police; Thomas Musser, a Police Officer, Defendants–Appellees.**

No. 87–2110.

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 1988.[*]

Decided Dec. 7, 1988.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Lawrence D. Murray, Murray and Associates, San Francisco, Cal., for plaintiff-appellant.

Jordan G. Powers, Carr, McClellan, Ingersol, Thompson and Horn, Burlingame, Cal., for defendants-appellees.

Before BRUNETTI, KOZINSKI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Appellant Alain Scofield appeals from a judgment entered against him after a bench trial on his suit brought under 42 U.S.C. § 1983. Scofield contends he suffered a deprivation of due process when his unregistered automobile was towed without prior notice or pre-towing hearing, and when he was denied a post-towing hearing on the validity of the tow. The district court concluded he was not entitled to a pre-towing notice or a pre-towing hearing, and that he had not wrongfully been denied a post-towing hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand to the district court for further proceedings.

## I

### FACTS

On April 21, 1986, Scofield parked his car in a no-parking zone in the City of Hillsborough. Sergeant Musser, who was on patrol in the area, discovered Scofield's car in the no-parking zone. Sergeant Musser noticed the registration sticker on the car had expired. He radioed the Hillsborough Police Department ("HPD") for more information on the vehicle. Through the HPD and the California Department of Motor Vehicles ("DMV"), Sergeant Musser learned the registration had expired in March 1985, and that Scofield had nine outstanding parking tickets. Sergeant Musser issued a citation for the expired registration, pursuant to California Vehicle Code § 4000(a). He then had the car towed, not because it was illegally parked, but because its registration had been expired for over a year. *See* California Vehicle Code § 22651(*o* ).

Later that same day, Scofield went to the HPD and learned his car had been towed. He requested an immediate hearing to determine the validity of the towing charges.

He was not granted a hearing, but the HPD authorized the release of his car. Scofield paid the towing charges and regained possession of his car. Two weeks later Scofield returned to the police station and asked Sergeant Musser for a post-towing hearing. It is unclear from the record whether this request was timely, and if it was, whether it was denied. In any event, Scofield did not get a post-towing hearing. Following his visit to the police station, Scofield obtained proof that all of his parking tickets had been paid, and he obtained a current DMV registration for his car.

Scofield filed suit under 42 U.S.C. § 1983 against the City of Hillsborough, Police Chief Key, and Sergeant Musser. After a bench trial, the district court found the defendants had relied in good faith on the DMV information regarding Scofield's expired registration and outstanding tickets in making the decision to have his car towed. The court held that no notice or hearing was required prior to towing the car, and that Scofield had not wrongfully been deprived of a post-towing hearing. Judgment was entered in favor of the defendants and against Scofield. This appeal followed.

## II

## ANALYSIS

### A. *Pre–Towing Hearing*

■ Scofield alleges his due process rights were violated by denial of both a pre-towing hearing and pre-towing notice. He was not entitled to a pre-towing hearing. *Soffer v. City of Costa Mesa*, 798 F.2d 361, 362–63 (9th Cir.1986). Whether he was entitled to pre-towing notice is a question not so easily resolved.

### B. *Pre–Towing Notice*

■ California Vehicle Code section 22651(*o*) authorizes an officer to tow a vehicle when its registration has been expired for over a year. This statute is silent, however, on whether any notice is required before the tow can be carried out. Due process requires that certain procedures be followed before an individual can be deprived of property interests. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). To determine what procedures are required, we balance the competing government and private interests. *Mathews*, 424 U.S. at 334, 96 S.Ct. at 902; *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1324 (9th Cir. 1982).

The uninterrupted use of one's vehicle is a significant and substantial private interest. *Goichman*, 682 F.2d at 1324; *Stypmann v. City and County of San Francisco*, 557 F.2d 1338, 1342 (9th Cir.1977). As we noted in *Stypmann*, "[a] person's ability to make a living and his access to both the necessities and amenities of life may depend upon the availability of an automobile when needed." *Stypmann*, 557 F.2d at 1342–43. This interest, however, is burdened by numerous rules and regulations governing the use of one's vehicle, including a requirement that the vehicle be registered. *See, e.g.*, California Vehicle Code § 4000(a) (1987). *See also Mays v. Scranton City Police Department*, 503 F.Supp. 1255, 1261 (M.D.Pa. 1980) (registration requirement is legitimate burden on right to own, operate vehicle).

It is important to emphasize that the tow in the present case was based upon the authority of California Vehicle Code § 22651(*o*), which permits a car to be towed when its registration has been expired for over a year. No citation for illegal parking was issued. Scofield argues that an expired registration tow is analogous to an abandoned vehicle tow, and a pre-towing notice should have been given. The defendants, on the other hand, argue that towing a car because its registration has expired is analogous to towing an illegally parked vehicle, and no advance notice of the tow is required.

Our circuit has not decided whether pre-towing notice is required before towing an unregistered car, an abandoned car or an illegally parked car. As to an illegally parked car, however, the Seventh Circuit in *Sutton v. City of Milwaukee*, 672 F.2d 644, 648 (7th Cir.1982), applied a *Mathews*

analysis and held that pre-towing notice is not required. *Id.* at 648. In analyzing the competing interests in providing notice prior to towing, the *Sutton* court noted that the governmental interest in towing illegally parked cars is based on a valid purpose-implementing parking regulations. Towing not only implements these regulations directly by removing illegally parked cars, but the threat of towing also deters future transgressions. *Sutton,* 672 F.2d at 646. The *Sutton* court observed that if a notice had to be given before towing an illegally parked car, this would, in effect, preclude towing of all illegally parked vehicles. "There is no way that the city or state can notify the owners of illegally parked cars that their cars will be towed and provide them then and there with an opportunity to challenge the lawfulness of the towing. To require notice and hearing in advance is ... to prevent all towing of illegally parked cars." *Id.* The court recognized that the decision how best to implement such parking regulations was properly for legislative bodies and not the courts. "State and municipal traffic officials, who know much more about these matters than federal judges do, have decided that towing is more effective in dealing with the parking violations of all kinds than just jacking up the fines further would be, and we cannot say that this judgment is not a reasonable one." *Id.*

The Seventh Circuit's analysis of the interests involved in towing an illegally parked vehicle without notice has been adopted by the Fourth Circuit in *De Franks v. Mayor and City Council of Ocean City,* 777 F.2d 185, 187 (4th Cir. 1985); by the Eighth Circuit in *Allen v. City of Kinloch,* 763 F.2d 335, 336 (8th Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 313, 88 L.Ed.2d 289 (1985); by the Fifth Circuit in *Breath v. Cronvich,* 729 F.2d 1006, 1010 (5th Cir.), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 268 (1984)

(dicta); and by the District of Columbia Circuit in *Cokinos v. District of Columbia,* 728 F.2d 502 (D.C.Cir.1983).

No circuit has decided whether a pre-towing notice is required before an apparently abandoned car may be towed.[1] There is, however, a three-judge district court case within the Seventh Circuit which holds that "due process requires that notice and an opportunity for a hearing be accorded to owners of abandoned vehicles prior to towing." *Graff v. Nicholl,* 370 F.Supp. 974, 983 (N.D.Ill.1974). In commenting upon this case, the Seventh Circuit in *Sutton* distinguished it from cases involving illegally parked cars:

Our holding is not inconsistent with *Graff v. Nicholl,* 370 F.Supp. 974 (N.D. Ill.1974), a three-judge district court decision in this circuit which holds that notice and an opportunity to be heard are required before an abandoned car may be towed. Advance notice is feasible in the case of abandoned cars because they are not about to be moved by their owners— that is, of course, the very reason why the authorities take an interest in abandoned vehicles. The appellants told us at oral argument that the reason they have withdrawn their appeal from the part of the district judge's injunction that requires notice before towing an abandoned car is that they decided it would not be difficult to comply with. But advance notice is infeasible in the case of an illegally parked car; the car will be gone by the time the owner is notified, no matter how efficient the notification process is.

*Sutton,* 672 F.2d at 647.

We think that the governmental interest in towing unregistered vehicles is analogous to the governmental interest in towing illegally parked vehicles. By towing unregistered vehicles, the government removes these automobiles from the public

1. In our *Soffer* case, 798 F.2d 361, the facts from the district court's published opinion reflect that a "violation notice" was placed on the windshield of the plaintiff's car, which notice "stated that the vehicle might be violating Costa Mesa Municipal Ordinance No. 76–40 which provides that no person shall park a vehicle on any street for more than seventy-two consecutive hours without" moving it a minimal distance. *Soffer v. City of Costa Mesa,* 607 F.Supp. 975, 977 (D.C.Cal.1985). The plaintiff saw the notice, and nine days later his car was towed. No question as to the adequacy of the pre-towing notice was raised.

streets, encourages owners to maintain automobile registration, and deters owners from violating state registration laws. If notice had to be given before a car with a year-old registration could be towed, it is likely the car would simply be driven away. This would not advance the governmental interest of getting the car registered. On the other hand, giving a pre-towing notice to the owner of an apparently abandoned vehicle encourages removal of the car from its place of repose, which is the governmental interest such a notice seeks to advance.

We acknowledge that in towing a car with an expired registration, without prior notice, there is always a risk that information relied upon for the tow may prove to be erroneous. But this risk is small in a case such as the present one where the tow is limited to cars with registrations over a year out of date. Moreover, California Vehicle Code § 22852 provides that notice of the right to a post-towing hearing be given within forty-eight hours after a vehicle has been towed, and that such a hearing be held within forty-eight hours after a request for a hearing is made. Such procedures ensure that any erroneous deprivation of an owner's vehicle will be slight, and satisfies due process concerns. *See Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1325 (9th Cir.1982); *Cokinos v. District of Columbia*, 728 F.2d 502 (D.C. Cir.1983); *Sutton v. City of Milwaukee*, 672 F.2d 644, 646 (7th Cir.1982).

We hold that due process does not require that a pre-towing notice be given to the owner of a vehicle which has been unregistered for more than one year from the date on which it is found parked on a public street before the car can be towed under California Vehicle Code § 22651(o).[2]

### C. Post–Towing Hearing

 When Scofield went to the police station in Hillsborough the day his car was towed, he requested an immediate hearing to contest the propriety of the tow before he paid the towing charges to get his car back. This hearing was denied. At this point, no constitutional violation occurred, because an immediate post-towing hearing is not required. *See Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1324 (9th Cir.1982). Fourteen days later, Scofield went back to the police station, talked to Sergeant Musser and asked him for a post-towing hearing. Musser informed Scofield that such a hearing was "not available," and referred Scofield to the lieutenant in charge of post-towing hearings. It is unclear whether this was a denial of a hearing, and if it was, whether Scofield's request was timely. If Scofield was referred to the lieutenant to see about his requested hearing, and chose not to pursue the matter, then Scofield was not denied a post-tow hearing but rather chose not to request one. On the other hand, if Sergeant Musser denied Scofield's request for a post-tow hearing, and if Scofield's request was timely, such a denial would violate Scofield's due process rights. *See id.* at 1325. Such a denial would also violate California Vehicle Code § 22852.[3]

**2.** California Vehicle Code § 22651(o) provides in pertinent part:

Any peace officer ... or any regularly employed and salaried employee, who is engaged in directing traffic or enforcing parking laws and regulations, of a city or county in which a vehicle is located may remove a vehicle from a highway located within the territorial limits in which the officer or employee may act under any of the following circumstances:

....

(o) When any vehicle is found upon a highway or any public lands with a registration expiration date in excess of one year before the date it is found on the highway.... For purposes of this subdivision, the vehicle shall be released to the owner or person in control of the vehicle only after the owner or person

furnished the storing law enforcement agency with proof of current registration. In lieu of obtaining proof of current registration, the storing agency may, in its discretion, issue a notice to appear for the registration violation.

**3.** Cal.Veh.Code § 22852 provides for post-towing hearings and states that the towing agency must notify the legal or registered owner of a towed vehicle in person or by mail within forty-eight hours of the tow and must inform the owner that in order to receive a post-tow hearing, the owner must request such a hearing in person, in writing, or by telephone within ten days of the date of the notice.

Section 22852 was enacted following our decision in *Stypmann v. City and County of San Francisco*, 557 F.2d 1338 (9th Cir.1977) that due

## 1. Municipal Liability Under 42 U.S.C. § 1983

Neither the City of Hillsborough nor its Police Chief Key can be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior* even if Sergeant Musser violated Scofield's constitutional right to a post-towing hearing. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). In order for a municipality to be liable for a section 1983 violation the action alleged to be unconstitutional must implement a policy officially adopted by the municipality. *Id.* at 694, 98 S.Ct. at 2037. There is nothing in the record which suggests that the City of Hillsborough followed a policy which denied Scofield a post-towing hearing. On the contrary, the district court found that the City had a policy to provide such hearings. But there also is nothing in the record explaining what the policy was. We are at a loss, therefore, to determine whether the City's policy, if it was implemented to deny Scofield a hearing, violated Scofield's due process rights.

We remand to the district court to enable it to make findings as to whether Scofield's second request for a post-tow hearing was timely, and if it was, whether it was denied; and to make findings specifying what the City's policy was for holding post-towing hearings, and to address the question of whether the implementation of this policy violated Scofield's right to due process.

## 2. Sergeant Musser's Liability

The district court found that even if a post-towing hearing had been held, it would not have relieved Scofield from the obligation to pay the towing charges. The DMV information regarding the outstanding parking tickets proved to be incorrect, but there is no dispute that Scofield's automobile registration was more than a year out of date. We have held that the tow of Scofield's car under these circumstances, without advance notice and without any pre-towing hearing, did not violate Sco-

field's due process rights. The tow, therefore, was proper and no post-towing hearing would alter this fact. But the hearing was not held, and Scofield was constitutionally entitled to it. If he made a timely request for a hearing and did not get it, his due process rights were violated. Because these rights are "absolute," he may be entitled at least to nominal damages under *Carey v. Piphus*, 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1053–54, 55 L.Ed.2d 252 (1978). *See also Soffer v. City of Costa Mesa*, 798 F.2d 361, 363 (9th Cir.1986).

If Sergeant Musser is subject to liability for denying Scofield a post-towing hearing, the district court will have to address the question whether Musser is entitled to qualified immunity. Police officers are immune from liability under section 1983 so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Ngiraingas v. Sanchez*, 849 F.2d 372, 378 (9th Cir.1988); *see also Kirkpatrick v. City of Los Angeles*, 803 F.2d 485, 490 (9th Cir.1986). We apply an objective standard to decide whether a police officer reasonably believed in good faith his or her actions were constitutional. *Ngiraingas*, 849 F.2d at 378; *Harris v. City of Roseburg*, 664 F.2d 1121, 1127 (9th Cir.1981).

The district court did not address the question of qualified immunity. It never got to this issue. If the district court finds that Musser improperly denied Scofield a post-towing hearing, it should then address, and make findings upon, the question of qualified immunity.

## 3. Damages

Because we agree with the district court that the towing of Scofield's car was proper, Scofield is not entitled to recover any damages he may have suffered as a result of the tow. "Procedural due process rules are meant to protect persons not

process requires a prompt post-tow hearing. *See Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1323 (9th Cir.1982) (constitutional defi- ciency identified in *Stypmann* was remedied by enactment of Cal.Veh.Code § 22852).

from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus,* 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978). "[T]he injury caused by a justified deprivation, including distress, is not properly compensable under § 1983." *Id.* at 263, 98 S.Ct. at 1052. *See also Chalmers v. City of Los Angeles,* 762 F.2d 753, 761 (9th Cir.1985) (only harm resulting from lack of procedural due process is compensable when deprivation of property is substantially justified), citing *Carey,* 453 U.S. at 263, 98 S.Ct. at 1052.

Whether Scofield is entitled to recover any damages resulting from the lack of a post-tow hearing will depend on whether he was unconstitutionally deprived of that hearing. If the district court finds on re-hearing that either the City, Police Chief Key or Sergeant Musser are liable for failing to provide Scofield with such a hearing, he may be able to recover damages for any actual injury he can prove was caused by that denial. *Id.* at 264, 98 S.Ct. at 1052. In the absence of proof of actual injury, the district court may award nominal damages of $1.00. *Id.* at 267, 98 S.Ct. at 1054; *see also Wiggens v. Rushen,* 760 F.2d 1009, 1012 (9th Cir.1985) (nominal damages should not exceed $1.00). *See also Soffer,* 798 F.2d at 363 (affirming award of nominal damages of $1.00 to motorist denied post-towing hearing).

### 4. *Attorney Fees*

■ The district court concluded that Scofield was not entitled to attorney fees because the defendants had prevailed on all issues. We have reversed and remanded on the post-tow hearing question.[4] Under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S. Code § 1988, the district court at its discretion may award reasonable attorney fees to a prevailing party in a section 1983 case. *Sablin v. Dep't of Finance,* 856 F.2d 1317, 1324 (9th Cir. 1988); *City of Riverside v. Rivera,* 477

U.S. 561, 567, 106 S.Ct. 2686, 2691, 91 L.Ed. 2d 466 (1986). A party need not prevail on all issues, but must prevail on at least some aspect of the merits of his civil rights claim. *Riverside,* 477 U.S. at 570, 106 S.Ct. at 2692; *see also Jensen v. City of San Jose,* 806 F.2d 899, 900–01 (9th Cir.1986) (en banc).

■ If the district court on remand finds either the City, Chief Key or Sergeant Musser liable for violating Scofield's due process rights to a post-tow hearing, Scofield will be the prevailing party on this aspect of the case. An award of nominal damages to Scofield, in the absence of proof of actual damages arising from the lack of a post-tow hearing, does not diminish Scofield's eligibility for attorney fees when no special circumstances are shown to make the award of fees unjust. *Bilbrey v. Brown,* 738 F.2d 1462, 1472 (9th Cir. 1984) (attorney fees may be awarded even where damages are nominal); *see also Skoda v. Fontani,* 646 F.2d 1193–94 (7th Cir. 1981), citing *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

### 5. *Sanctions*

The defendants-appellees seek sanctions against Scofield under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal. To be considered frivolous, the results of an appeal must be obvious or the arguments of error advanced must be "wholly without merit." *Lopez v. Dean Witter Reynolds, Inc.,* 805 F.2d 880, 885 (9th Cir.1986) (citation omitted). This appeal was not frivolous, and sanctions under Fed.R.App.P. 38 are inappropriate.

### CONCLUSION

We affirm the district court's decision that Scofield's constitutional rights were not violated by the failure to give him pre-towing notice or provide him with a pre-towing hearing, and that no claim

---

**4.** Scofield also contends the district court erred in dismissing his claim for state law conversion. This contention lacks merit. Scofield's car was properly towed, he was not entitled to any pre-towing notice or hearing, and his car was re-leased to him upon his request when he paid the towing charges which he justly owed. *See Zaslow v. Kroenert,* 29 Cal.2d 541, 551, 176 P.2d 1 (1946); *Bruce v. Sibeck,* 25 Cal.App.2d 691, 696, 78 P.2d 741 (1938).

based upon state law conversion lies. We reverse the district court's decision that Scofield was not wrongfully denied a post-towing hearing and that he is not entitled to attorney fees. We remand this case to the district court to make findings as to what the City's policy was for holding post-towing hearings, whether that policy was implemented and violated Scofield's right to due process, whether Scofield was denied a post-tow hearing, and if so whether this denial was nonetheless appropriate because Scofield's request for a post-tow hearing was untimely, whether Musser is entitled to qualified immunity (if the district court reaches this issue), and, if Scofield should prevail on the post-towing hearing issue as against Musser, Chief Key, or the City, the amount of damages and attorney fees, if any, to be awarded.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.