50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis WILLIAMS, Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO; San Francisco Department
of Parking and Traffic Control; San Francisco
Municipal Court, et al., Defendants-Appellees.
 No. 93-15685.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis Williams appeals pro se the district court's summary judgment for defendants in his action brought under 42 U.S.C. Secs. 1983 and 1985. On appeal, Williams contends that: (1) the City and County of San Francisco's ("City") Notice of Delinquent Parking Violation must be on the form approved by the Judicial Council; (2) California Vehicle Code Sec. 4760 is unconstitutional; and (3) the City's vehicle tow hearings are unconstitutional because the tow officer's presence is not required. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On February 19, 1992, Williams's 1967 Ford Truck was towed because it was unregistered for more than a year, in violation of Cal. Veh.Code Sec. 22651(o), and had more than five outstanding parking tickets, in violation of Cal. Veh.Code Sec. 22651(i). In the instant complaint Williams conceded that his vehicle was unregistered, and has not disputed that he had delinquent parking tickets.
 
 
 5
 On February 20, 1992, Williams learned that in order to obtain the release of his vehicle, he would have to resolve the delinquent parking violations.
 
 
 6
 On February 21, 1992, Williams appeared in San Francisco Traffic Court to contest the delinquent parking violations on the ground that the City's Notice of Delinquent Parking Violation form was not approved by the Judicial Council and, thus, unlawful and invalid. At the conclusion of the hearing, Williams was fined the full amount of the delinquent tickets and given an installment payment plan to enable him to pay the fines owed. Williams made the initial payment, but failed to make the remaining payments required by the plan.
 
 
 7
 Also on February 21, 1992, the City sent Williams a Notice of Stored Vehicle, informing him that his vehicle had been towed and advising him of his right to a hearing to contest the propriety of the tow.
 
 
 8
 On February 24, 1992, Williams obtained a "property only" release from the Department of Parking and Traffic, which allowed him to recover personal property from inside his vehicle which was in storage. Release of Williams's vehicle was denied pending valid registration of the vehicle by Williams. Williams declined to register the vehicle, however, because of "mechanical problems and the high cost of registration," as stated in his complaint.
 
 II
 Standard of Review
 
 9
 We review de novo the district court's grant of summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Hansen, 7 F.3d at 138. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and come forth with specific facts to show that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); Hansen, 7 F.3d at 138.
 
 III
 Merits
 A. Notice of Delinquent Parking Violation
 
 10
 Williams contends that the district court erred by holding that the City's Notice of Delinquent Parking Violation form was legally sufficient. Williams interprets the California Vehicle Code to mandate use of a Judicial Council approved form. This contention lacks merit.
 
 
 11
 California Vehicle Code Sec. 40207 sets out the information that the notice of delinquent parking violation must contain. Cal. Veh.Code Sec. 40207 (amended 1992). This section does not, however, require that the notice be on a form approved by the Judicial Council. Furthermore, former California Vehicle Code Sec. 40230, in effect at the time the City issued Williams the Notice of Delinquent Parking Violation form, implicitly provides that the notice of delinquency can be on forms not approved by the Judicial Council. See Former Cal. Veh.Code Sec. 40230(b) ("[i]f the notice is prepared in the form approved by the Judicial Council, the processing agency may ... file a copy of the notice of delinquent parking violation issued for service ..."). Moreover, the City's form conforms to the requirements of section 40207 as the district court found. Thus, the district court ruling was proper.
 
 
 12
 B. The Constitutionality of Vehicle Code Sec. 4760
 
 
 13
 Williams contends that California Vehicle Code Sec. 4760 is unconstitutional because it deprives persons of their registered vehicles without an opportunity to be heard, a contention which contains within it a challenge to the procedures available to contest the validity of parking tickets and vehicle tows. This contention lacks merit.
 
 
 14
 California Vehicle Code Sec. 4760 provides that a vehicle may not be registered if the vehicle owner has been mailed a notice of delinquent parking violation and has not paid the parking penalties. In addition, a vehicle may be towed if it is unregistered for more than a year, pursuant to Vehicle Code Sec. 22651(o), or has more than five outstanding parking tickets, pursuant to Vehicle Code Sec. 22651(i). California Vehicle Code Sec. 22852 authorizes the attachment of a lien on a vehicle for towing and storage fees.
 
 
 15
 The logic of Williams's contention appears to be that section 4760 is unconstitutional because: (1) it requires a vehicle owner to pay any outstanding parking tickets prior to registration without establishing a separate procedure which would allow the vehicle owner to contest the underlying validity of the parking tickets; and (2) by disallowing registration of the vehicle, section 4760, in combination with additional provisions of the California Vehicle Code, subjects the vehicle owner to the possibility of an authorized tow and, in turn, the attachment of a lien.
 
 
 16
 The attachment of a lien on a vehicle is neither unlawful nor constitutionally impermissible simply because no pre-lien hearing is provided. See Scofield v. City of Hillsborough, 862 F.2d 759, 762-64 (9th Cir.1988). "T[h]e government's interest in efficient and inexpensive towage of illegally parked automobiles is sufficient to outweigh the private interest in return-on-demand." Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1324 (9th Cir.1982). Moreover,
 
 
 17
 the governmental interest in towing unregistered vehicles is analogous to the governmental interest in towing illegally parked vehicles. By towing unregistered vehicles, the government removes these automobiles from the public streets, encourages owners to maintain automobile registration, and deters owners from violating state registration laws.
 
 
 18
 Scofield, 862 F.2d at 763-64. Thus, the towing of an unregistered vehicle without advance notice and without any pre-towing hearing does not violate a vehicle owner's due process rights. Id. at 762, 764-65. Provision for a post-seizure hearing within forty-eight hours comports with due process. Goichman, 682 F.2d at 1325.
 
 
 19
 Here, Williams's vehicle was towed because it was unregistered for more than a year, in violation of Cal. Veh.Code Sec. 22651(o), and had more than five outstanding parking tickets, in violation of Cal. Veh.Code Sec. 22651(i). Because the City provided Williams with the opportunity for a post-seizure hearing within forty-eight hours of the seizure of his vehicle, the towing and attachment of a lien on Williams's vehicle did not violate due process. See Goichman, 682 F.2d at 1325. Consequently, the district court properly held that section 4760 was constitutional.
 
 
 20
 C. Failure to Require Tow Officer at Tow Hearing
 
 
 21
 Williams contends that the City's failure to require the presence of the tow hearing officer at the tow hearing renders the hearing unconstitutional. This contention lacks merit.
 
 
 22
 "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1343-44 (9th Cir.1977) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). Due process is, however, a flexible concept and its procedural protections will vary depending on the particular deprivation involved. Goichman, 682 F.2d at 1324.
 
 
 23
 Here, Williams does not contest that he was given the opportunity to have a post-tow hearing on the issue whether his vehicle was wrongly towed. Williams vehicle was towed for outstanding parking tickets and an invalid vehicle registration. The towing officer does not have any knowledge relevant to the issues of whether Williams's parking tickets were wrongly issued or whether his vehicle registration was valid. Consequently, the City's failure to require the presence of the towing officer at the tow hearing did not cause Williams any deprivation at all and, therefore, did not violate due process.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3