83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry Alan GOODMAN, Plaintiff-Appellant,
v.
CITY OF SANTA ROSA; Bryan Reynolds; Able Towing Company;
Nathan Wallin, Defendants-Appellees.
 No. 95-15542.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Alan Goodman appeals the district court's grant of summary judgment for the City of Santa Rosa, Officer Bryan Reynolds, Able Towing Company and Nathan Wallin ("the defendants") and the denial of his Fed.R.Civ.P. 59(e) motion for reconsideration in his action alleging due process violations in the towing of his car. We review de novo the grant of summary judgment, School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1258 (9th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994), and for abuse of discretion the denial of a Rule 59(e) motion, id. at 1262. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Goodman contends that Officer Reynolds lacked probable cause to tow his car and that his due process rights were violated by the towing. These contentions lack merit.
 
 
 4
 First, "California Vehicle Code section 22651(o) authorizes an officer to tow and impound a vehicle when its registration has been expired for over a year." Scofield v. Hillsborough, 862 F.2d 759, 762 (9th Cir.1988). Second, it is settled law in this circuit that due process does not require a pre-towing hearing. Id. at 764. Finally, this court has held that Cal.Veh.Code § 22651(o) is constitutional. See id. at 764 n. 3.
 
 
 5
 Here, Goodman was cited on May 9, 1994. The registration sticker on Goodman's license plate expired in August 1992 and Goodman admitted to Officer Reynolds that he had been unable to register his car in California because he refused pay a Smog Impact Fee. Cal.Rev. & Tax.Code § 6262. Under these circumstances, Reynolds had probable cause to tow Goodman's car, see Cal.Veh.Code § 22651(o), and due process was satisfied. Scofield, 862 F.2d at 754. To the extent that Goodman alleges that he was deprived of a post-towing hearing, such a claim lacks merit because the record reveals that Goodman refused to appear in Municipal Court on the citation and threatened to sue if a warrant were issued for his failure to appear. Cf. id. at 761 (deprivation of post-towing hearing may violate due process). Furthermore, to the extent that Goodman alleged violations of 42 U.S.C. § 1985, he has failed to allege the required class or race based animus. See Caldeira v. City of Kauai, 866 F.2d 1175, 1181 (9th Cir.), cert. denied, 493 U.S. 817 (1989).
 
 
 6
 Goodman, represented by counsel, argued in his Rule 59(e) motion that (1) his attempt to register his car, even given his refusal to pay a Smog Impact Fee, created a genuine issue of fact as to the status of his car registration and (2) the Smog Impact Fee is unconstitutional. These contentions lack merit.
 
 
 7
 A district court may grant a Rule 59(e) motion when: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the judgment was manifestly unjust, or (3) there is an intervening change in controlling law. ACandS, Inc., 5 F.3d at 1263. Because Goodman's Rule 59(e) motion did not meet the requirements for such relief, the district court did not abuse its discretion by denying Goodman's motion. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Goodman's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3