92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Will RILEY, Plaintiff-Appellant,
v.
CITY OF OAKLAND, Defendant-Appellee.
 No. 95-16105.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Will Riley ("Riley") appeals pro se the district court's dismissal of his action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We can affirm the dismissal of a claim on any grounds supported by the record, even if the district court did not rule on those grounds." Maljack Prods., Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 888 n. 11 (9th Cir.1996) (citation omitted).
 
 
 3
 We review de novo both the district court's dismissal for lack of subject matter jurisdiction, see Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 772 (9th Cir.1995), and for failure to state a claim, see Everest and Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994).
 
 
 4
 Riley contends that the district court erred by dismissing his complaint against the City of Oakland for lack of subject matter jurisdiction. This contention lacks merit.
 
 
 5
 This court has held, in circumstances similar to this case, that pre-towing notice is not required. See Scofield v. City of Hillsborough, 862 F.2d 759, 764 (9th Cir.1988). Accordingly, the district court did not err by dismissing Riley's complaint. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3