Mary CLEMENT, Plaintiff—Appellant,

v.

CITY OF GLENDALE; J & E Service Inc., d/b/a Monterey Tow Service; J. Young, an individual, Defendants—Appellees.

No. 03–56052.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided May 18, 2005.

Donald E. Chadwick, Esq., Northridge, CA, for Plaintiff–Appellant.

Bradley P. Childers, Esq., Millard Pilchowski Holweger Child & Marton, Los Angeles, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM *

Mary Clement appeals the district court's grant of defendants' summary judgment motion. Clement sued defendants police officer John Young, the City of Glendale, and J & E Services (Monterey Towing) for the towing and subsequent sale of her deceased mother's non-operational car. After running a Department of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Motor Vehicles (DMV) registration check, Officer Young authorized the City of Glendale's contracted towing company, Monterey Towing, to tow Clement's unregistered vehicle from her apartment building parking lot. Officer Young knew, however, that the car had a "Certificate of Planned Non–Operation" (PNO) on file before he authorized the towing.

Clement alleged a violation of civil RICO laws, conversion, unreasonable seizure and violation of her due process rights under 42 U.S.C. § 1983 against all defendants, and a failure to instruct, supervise, control, and discipline against the City of Glendale. The district court granted the defendants' motion for summary judgment as to all of Clement's claims.

▮ The district court did not err in granting summary judgment as to the civil RICO, conversion, unreasonable seizure and failure to supervise claims. Clement did not present any evidence supporting those claims. In addition, a municipal defendant may only be held liable under § 1983 if the unlawful actions of its employees or agents were taken pursuant to that defendant's policies or customs. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Clement presented no evidence of any city policy or custom regarding the unauthorized towing or seizure of citizens' unregistered vehicles. Thus, the grant of summary judgment in favor of the City of Glendale on those claims was proper.

▮ As to Clement's claim that her due process rights were violated by Officer Young and Monterey Towing, however, we reverse and remand for further consideration. The record before us reflects that before directing Monterey Towing to per-

form the tow, Officer Young determined that Clement had filed a PNO with the DMV. This distinguishes Clement's due process claims from those foreclosed by *Scofield v. City of Hillsborough,* 862 F.2d 759 (9th Cir.1988). In *Scofield,* we held that pre-towing notice is not required for towing an unregistered car. *Id.* at 764. *Scofield,* however, drew a distinction between abandoned cars and unregistered or illegally parked cars, observing that pre-towing notice is feasible when cars have been abandoned, because abandoned cars are not about to be moved by their owners. *Id.* at 763–64. As a non-operational vehicle, Clement's car was apparently not about to be moved either.

It is not disputed that PNO status is a lawful alternative to registration. Indeed, the department's own website appears to instruct car owners to "decide whether to renew the registration or file for non-operational status."[1] We thus remand to the district court to determine whether, in light of Clement's PNO, the lack of pre-towing notice violated her rights to due process, and if it did, whether Officer Young is entitled to qualified immunity. In addition, the court should consider whether Monterey Towing was acting under color of state law, and what defenses may be available to it. *See Wyatt v. Cole,* 504 U.S. 158, 169, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992); *Goichman v. Rheuban Motors, Inc.,* 682 F.2d 1320, 1322 (9th Cir. 1982).

REVERSED and REMANDED for reconsideration consistent with this disposition.

---

1. http://www.dmv.ca.gov/pubs/brochures/fast_facts/ffvr01.htm (last visited Apr. 22, 2005).