FILED

MAR 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK CROSBY,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>MICHAEL S. CARONA, in his official capacity as Sheriff of Orange County; et al.,<br><br>              Defendants - Appellees. | No. 08-56222<br><br>D.C. No. 8:06-cv-00622-SGL-CW<br><br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Patrick Crosby appeals pro se from the district court's judgment dismissing

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JK/Research

his 42 U.S.C. § 1983 action arising from state court unlawful detainer proceedings against him and from the towing of his car. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004). We may affirm on any ground supported by the record. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007). We affirm.

The district court properly dismissed the action because Crosby's challenge to the constitutionality of various California statutes fails as a matter of law. *See Lindsey v. Normet*, 405 U.S. 56, 64-74 (1972) (unlawful detainer statutes); *Scofield v. City of Hillsborough*, 862 F.2d 759, 764 (9th Cir. 1988) (towing provisions). To the extent that Crosby seeks to transfer his appeal of the unlawful detainer judgment from state court to federal court, the request is moot because that appeal has been resolved.

We do not consider facts and arguments raised for the first time on appeal, and arguments not raised in Crosby's opening brief are deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Crosby's remaining contentions are unpersuasive.

Crosby's motion for leave to file two separate reply briefs is granted. The Clerk shall file the reply briefs submitted on May 19, 2009.

**AFFIRMED.**