FILED

OCT 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALDINE L. LEE, | No. 09-17215 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00433-LRH-RAM |
| v. | |
| NORTHERN NEVADA ADULT MENTAL HEALTH SERVICES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Geraldine L. Lee appeals pro se from the district court's judgment in her 42

U.S.C. § 1983 action alleging that the towing of her automobile and her temporary

exclusion from a drop-in mental health center violated her constitutional rights.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). We affirm.

The district court properly dismissed Lee's claim that the towing of her vehicle violated due process when, among other reasons, Lee's car was towed for being parked for many days in a disabled parking space with an expired disability placard, and Lee had the opportunity to have a post-tow hearing on whether her vehicle was wrongly towed. *See* N.R.S. 487.039 (providing for post-tow hearing); *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1323-25 (9th Cir. 1982) (Due Process Clause does not entitle owner of towed vehicle to an immediate hearing, and timely post-deprivation hearing satisfied due process); *cf. Scofield v. City of Hillsborough*, 862 F.2d 759, 764 (9th Cir. 1988) (pre-towing notice is not required for towing of unregistered cars).

The district court properly granted summary judgment on Lee's claim that her temporary exclusion from the Northern Nevada Adult Mental Health Services Drop-In Center violated due process, because she had no protected interest in accessing the center. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The district court did not abuse its discretion by dismissing the claims against defendant Flowers because Lee did not establish good cause to extend the

deadline for service of process.  *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511-12 (9th Cir. 2001).

We do not consider Lee's other claims because she has not adequately raised them on appeal.  *See Entm't Research Group, Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) ("We review only issues which are argued specifically and distinctly in a party's opening brief.  We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim.") (citation omitted); *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (arguments not raised on appeal by a pro se litigant are deemed abandoned).

Lee's remaining contentions are unpersuasive.

**AFFIRMED.**