**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THEO DELIGIANNIS,

          Plaintiff - Appellant,

  v.

CITY OF ANAHEIM; et al.,

          Defendants - Appellees.

No. 10-55595

D.C. No. 8:06-cv-00720-DOC-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

    Theo Deligiannis appeals pro se from the district court's summary judgment
in his 42 U.S.C. § 1983 action alleging that defendants violated various
constitutional rights in connection with the towing of his vehicle. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stoot v. City of Everett*, 582 F.3d 910, 918 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Deligiannis's Fourth Amendment and procedural due process claims on the basis of qualified immunity because, at the time of the incident, it was not clearly established whether Deligiannis was entitled to a warrant or a pre-seizure hearing before defendants seized his vehicle under California statute for failure to pay multiple parking tickets. *See Pearson v. Callahan*, 555 U.S. 223, 243-44 (2009); *cf. Clement v. City of Glendale*, 518 F.3d 1090, 1096 (9th Cir. 2008) (officers entitled to qualified immunity because it was not clearly established at the time of the incident whether pre-towing notice must be given before a car with a valid planned non-operation certificate may be removed from a parking lot matching the owner's address); *Scofield v. Hillsborough*, 862 F.2d 759, 762-64 (9th Cir. 1988) (upholding towing of unregistered vehicle and stating that owner was not entitled to hearing or notice before vehicle could be towed under California statute).

The district court properly granted summary judgment on Deligiannis's substantive due process claim because Deligiannis failed to establish a genuine dispute of material fact as to whether defendants' actions were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals

or general welfare." *Hoeck v. City of Portland*, 57 F.3d 781, 786 (9th Cir. 1995) (citation and internal quotation marks omitted).

The district court properly granted summary judgment on Deligiannis's First Amendment retaliation claim because Deligiannis failed to establish a genuine dispute of material fact as to whether chilling of his political speech was "a substantial or motivating factor" in defendants' conduct. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) (citation and internal quotation marks omitted).

Deligiannis's remaining contentions are unpersuasive.

**AFFIRMED.**