FILED

MAY 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD TOUNGET, | No. 11-55429 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00464-GW-AGR |
| v. | |
| CITY OF HEMET, a Public entity, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 14, 2013**

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Howard Tounget appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging that the City of Hemet violated various

constitutional rights in connection with the towing of his vehicles.  We have

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stoot v. City of Everett*, 582 F.3d 910, 918 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Tounget's procedural due process claims because Tounget failed to establish a genuine dispute of material fact as to whether defendant impermissibly deprived him of a protected property interest and process to which he was entitled. *See Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1238 (9th Cir. 2009) (recognizing exceptions to general pre-towing notice requirement, such as in emergencies or when the interest at stake is small relative to the burden that giving notice would impose, and noting that owner's normal interest in use of vehicle is significantly less where vehicle is not being used for transportation); *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 903 (9th Cir. 2007) ("[P]roperty interests giving rise to a due process claim . . . are created and their dimensions are defined by existing rules or understandings that stem from state law." (citations, internal quotation marks, and ellipses omitted)); *Scofield v. City of Hillsborough*, 862 F.2d 759, 764 (9th Cir. 1988) (concluding that pre-towing notice is not required for towing of unregistered cars); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (setting forth requirements for a § 1983 claim of municipal liability).

The district court properly granted summary judgment on Tounget's First Amendment retaliation claim because Tounget failed to establish a triable dispute as to whether chilling of his political speech was "a substantial or motivating factor" in defendant's conduct. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) (citation and internal quotation marks omitted); *see also Monell*, 436 U.S. at 690-91; *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (affirming summary judgment where there was only weak evidence of a retaliatory motive, noting that "[t]here is almost always a weak inference of retaliation whenever a plaintiff and a defendant have had previous negative interactions").

The district court did not abuse its discretion in denying Tounget's request to supplement his Third Amended Complaint. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that the district court's discretion is particularly broad when it has already granted leave to amend).

Tounget's contentions concerning the adequacy of his district court counsel, the district court's purported failure to view his DVD submissions, and claims that the parties dismissed by stipulation in the district court, are unpersuasive.

Tounget's request for leave to file physical exhibits, filed on December 16, 2011, is granted.

**AFFIRMED.**