**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL WELDON,

Plaintiff-Appellant,

v.

JOHN CONLEE; et al.,

Defendants-Appellees.

No. 15-16207

D.C. No. 1:13-cv-00540-LJO-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted March 8, 2017[**]

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Paul Weldon appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal and state law claims arising from a traffic stop. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Oyama v. Univ. of Hawaii*, 813 F.3d 850, 860 (9th Cir. 2015). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Weldon's unlawful seizure claims because Weldon failed to raise a genuine dispute of material fact as to whether the impounding of his vehicle was unreasonable. *See* California Vehicle Code § 14602.6(a)(1) (providing for immediate seizure of vehicle and arrest of any individual driving with a suspended or revoked license, or driving without having been issued a license); *Clement v. City of Glendale,* 518 F.3d 1090, 1097 (9th Cir. 2008) (private towing company acting on instructions from the police were entitled to "good faith" defense).

The district court properly granted summary judgment on Weldon's due process claim because Weldon failed to raise a genuine dispute of material fact as to whether he was denied a post-seizure hearing. *See Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1323-25 (9th Cir. 1982) (Due Process Clause does not entitle owner of towed vehicle to an immediate hearing, and post-deprivation tow hearings under California Vehicle Code § 22852 satisfy due process). Further, we reject as unsupported by the record Weldon's contention that he was improperly denied an opportunity to appear before a magistrate.

The district court properly granted summary judgment on Weldon's excessive force claim because it would not have been clear to every reasonable

15-16207

officer that the conduct violated a clearly established right. *See Sjurset v. Button*, 810 F.3d 609, 614 (9th Cir. 2015) (police officer entitled to qualified immunity unless the conduct at issue violated a clearly established constitutional right); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion).

The district court properly granted summary judgment on Weldon's assault and battery state law claims because his excessive force claim failed. *See Arpin*, 261 F.3d at 922.

The district properly granted summary judgment on Weldon's conversion claim because the vehicle was validly towed. *See Scofield v. City of Hillsborough*, 862 F.2d 759, 766 n.4 (9th Cir. 1988) (district court did not err in dismissing conversion claim where plaintiff's car was properly towed).

The district court did not abuse its discretion in dismissing any of Weldon's remaining state law claims. *See Notrica v. Bd. of Sup'rs of Cty. of San Diego*, 925 F.2d 1211, 1213 (9th Cir. 1991) (setting forth standard of review and explaining judicial economy, convenience, and fairness to litigants should be considered in whether to hear pendant state law claims).

15-16207

We do not consider arguments or allegations that were not presented to the

district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**