NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES JEROME EASLEY,

Plaintiff-Appellant,

v.

OSCAR FLORES, individual, Santa Monica Police Detective; et al.,

Defendants-Appellees.

No. 18-55323

D.C. No. 2:15-cv-04359-GW-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted September 12, 2018**

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Charles Jerome Easley appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging federal and state law claims in

connection with the impoundment and inventory search of his vehicle.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Guatay Christian*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment); *May v. Baldwin*, 109 F.3d 557, 560-61 (9th Cir. 1997) (qualified immunity).  We affirm.

The district court properly granted summary judgment on Easley's Fourth Amendment claim on the basis of qualified immunity because it would not have been clear to every reasonable officer that the impoundment of Easley's vehicle under California Vehicle Code § 22651(o)(1)(A) and inventory search under Santa Monica Police Department Policy § 510.4 were unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining two-part test for qualified immunity).

The district court properly granted summary judgment on Easley's Fourteenth Amendment due process claim because Easley failed to raise a genuine dispute of material fact as to whether he was entitled to pre-impoundment notice and an opportunity to be heard, or whether he lacked an adequate post-deprivation remedy under California law.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (California law provides an adequate post-deprivation for property loss); *Scofiled v. City of Hillsborough*, 862 F.2d 759, 762-64 (9th Cir. 1988) (towing a vehicle with an expired registration, without prior notice, does not violate due

process).

The district court did not abuse its discretion by denying Easley's motion to appoint counsel because Easley failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

We reject as without merit Easley's contention that summary judgment on his Fourth Amendment claim was precluded based on the district court's order denying defendants' motion to dismiss this claim.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**