**Melvin Leroy HARRIS, Jr., Plaintiff,**

v.

**The COUNTY OF CALHOUN, et al., Defendants.**

**No. 4:00–CV–143.**

United States District Court, W.D. Michigan, Southern Division.

Jan. 12, 2001.

1. The underscored language is corrected to alleviate previous clerical error.

Melvin Leroy Harris, Albion, MI, plaintiff pro se.

Michael S. Bogren, Plunkett & Cooney, PC, Kalamazoo, MI, for City of Albion, County of Calhoun, Officer MacQueen, Officer Young, Al. J. McKeown, Mark Robison, defendants.

## *OPINION*

ENSLEN, Chief Judge.

This matter is before the Court on Defendants', Officer MacQueen, Officer Young, Police Chief McKeown, the City of Albion, and City Attorney Mark Robison ("Defendants"), Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c), and Plaintiff's, Melvin Leroy Harris, Jr., Motion for Default pursuant to Federal Rule of Civil Procedure 55. The Court will grant Defendants' Motion, deny Plaintiff's Motion, and deny Defendants' request for attorney's fees.

## I. Introduction

Plaintiff's Complaint, as pointed out by Defendants, is one in a series of complaints by like minded persons who mistakenly act under the impression that they are sovereigns onto themselves and need not abide by the duly enacted laws of the United States or the State of Michigan. The Court will not take part in Plaintiff's flight from reality.

On October 31, 1999, Defendant Mac-Queen executed a traffic stop of Plaintiff's vehicle for allegedly speeding and because the vehicle had no discernable registration plate. Defendant MacQueen approached the vehicle and requested Plaintiff's driver's license. Plaintiff instead provided Defendant MacQueen with a work identification card and stated that he had no driver's license. Defendant MacQueen then inquired about Plaintiff's registration and proof of insurance. Plaintiff stated that he was not required to have a driver's license, license plates, registration, or proof of insurance because he was not using his vehicle for commercial purposes but just drove the vehicle to and from work.

At this point, Defendant MacQueen informed Plaintiff that the vehicle was being impounded and that he should remove any property in the vehicle. Defendant Mac-Queen then issued Plaintiff a citation for violating Michigan's traffic code regarding lack of an operator's license and lack of proper registration. Defendant MacQueen then advised Plaintiff that he needed to appear at court on November 17, 1999. Plaintiff's vehicle was subsequently impounded and towed for storage pending registration and proof of insurance by Plaintiff.

On August 10, 2000, Plaintiff filed four documents with the Court entitled (1) Justice is Demanded Petition Verified Criminal Complaint in regard to Declaratory and Injunctive Relief and Demand for Further Relief under Declaratory Judgement for Damages, (2) Brief In Regard To Criminal Complaint In Regard To Actions Of Agents In Fraud, (3) Verified Complaint In regard to true actions of agents Criminal Complaint for Declaratory and Injunctive Relief and Demand fore [sic] Further Relief under Declaratory Judgement for Damages, and (4) Memorandum Of Law On Arrest Without Warrant. All of Plaintiff's documents contain a distorted

and convoluted form of legalese making them difficult to follow and understand. In liberally construing Plaintiff's pro se Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir.2000), the Court interpreted Plaintiff's pleadings as a civil Complaint that alleges damages under 42 U.S.C. § 1983 and issued an Order to that effect on August 28, 2000. *Harris v. City of Albion*, No. 1:00 CR 168 (W.D.Mich. filed Aug. 28, 2000).

On August 30, 2000, Defendants, the City of Albion, City Attorney Mark Robinson, Police Chief McKeown, and Officers MacQueen and Young, filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). Plaintiff attempted to file a Response to Defendants' Motion on September 21, 2000, but the Magistrate Judge rejected this filing pursuant to Local Civil Rule 10.4 because no duplicate was filed. Plaintiff properly re-filed his Response on October 23, 2000. On November 15, 2000, Plaintiff filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55.

## II. Legal Standard

Defendants have made a Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c). Federal Rule of Civil Procedure Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A genuine issue of material fact does not exist "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Administrative Comm., Sea Ray Employees' Stock Ownership, Profit Sharing Plan v.*

*Robinson*, 164 F.3d 981, 985 (6th Cir.1999). The movant has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant meets the initial burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The evidence, and all reasonable inferences drawn from it, are viewed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. Specific facts must constitute "sufficient evidence favoring the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere scintilla of evidence in support of the [nonmovant's] position will be insufficient...." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Administrative Comm.*, 164 F.3d at 985.

## III. Defendants' Motion

Plaintiff's Complaint appears to put forth the following claims: (1) that pursuant to 42 U.S.C. § 1983, Defendants violated his First, Second, Fourth, Eighth, and Fourteenth Amendment rights when Defendants, by and through their agents, impounded his car and issued him a citation for lack of a driver's license, vehicle registration, and proof of insurance; and (2) violations of 18 U.S.C. §§ 241 and 242, conspiracy against rights, and deprivation of rights under color of law, respectively, due to the Defendants' same course of conduct. Distilled to its essence, Plaintiff's Complaint really alleges that he was arrested without a warrant or the requisite probable cause, that he was detained without a prompt probable cause hearing, and that his vehicle was impounded without due process of law.

### A. Probable Cause to Issue Citation

█ Probable cause determinations are "based upon 'factual and practical considerations of everyday life [that] could

lead a reasonable person to believe that there is a probability that an illegal act has occurred or is about to occur.'" *United States v. Reed,* 220 F.3d 476, 478 (6th Cir.2000) (quoting *United States v. Strickland,* 144 F.3d 412, 416 (6th Cir.1998)). "Where probable cause exists, '[a] police officer is permitted to make an arrest without a warrant for a misdemeanor committed in his presence.'" *Reed,* 220 F.3d, at 478 (quoting *United States v. Smith,* 73 F.3d 1414, 1416 (6th Cir.1996)).

Neither side disputes the facts. Defendant MacQueen executed a traffic stop after he noticed Plaintiff driving his vehicle without a vehicle registration plate. Plaintiff admitted to Defendant MacQueen at that time to having no license, no vehicle registration, and no vehicle insurance. Defendant MacQueen issued Plaintiff a misdemeanor citation as a result. As indicated by Defendants, Michigan law requires that motor vehicles be registered with the state, that they be operated with a valid registration plate, and that a person must have a valid driver's license to operate a motor vehicle on state roads and highways. Mich.Comp.Laws §§ 257.255(1), (2), (3), and 257.301(1). Based on the visual observations of Defendant MacQueen and the admissions of Plaintiff at the time, Defendant MacQueen had probable cause to issue Plaintiff the misdemeanor citation without a warrant.[1]

## B. Prompt Probable Cause Hearing

■ Plaintiff also appears to allege that Defendants violated his constitutional rights under the United States Supreme Court's holdings in *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), because he was not brought promptly before a judge for a probable cause hearing. Plaintiff is again mistaken. Collectively, *Gerstein* and *McLaughlin* hold that after a warrantless arrest, a pre-trial detainee must be brought before a judge within "48 hours," *Riverside,* 500 U.S. at 56, 111 S.Ct. 1661, for a determination of probable cause "as a prerequisite to an extended restraint of liberty following arrest." *Gerstein,* 420 U.S. at 114, 95 S.Ct. 854. Plaintiff was never taken into custody, nor held in jail for any period of time. These simple facts make *Gerstein* and *Riverside* inapplicable. Therefore, Plaintiff's claim that his constitutional rights were violated because he did not get a prompt probable cause hearing fails.

## C. Procedural Due Process

■ Plaintiff also seems to indicate that his Right to Due Process under the Fourteenth Amendment was violated when Defendants impounded his vehicle without his first receiving notice and a hearing. Plaintiff is again mistaken.

■ "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the ... Fourteenth Amendment." *Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Under the Fourteenth Amendment, Due Process requires that an individual be accorded an opportunity to be heard "at a meaningful time and in a meaningful manner." *Id.* at 333, 96 S.Ct. 893. Yet, the concept of due process is not static or fixed. Rather, due process is a flexible concept, and its procedural protections vary depending on the particular deprivation in question. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In order to determine

---

1. Plaintiff's arguments about the state of Michigan lacking the authority to regulate the use of automobiles on its roads and highways are simply wrong. *People v. Thompson,* 259 Mich. 109, 122, 242 N.W. 857 (1932) ("It is settled in this State that use of automobiles on public highways is subject to regulation under the police power. And under the police power ... the otherwise private right of unrestricted use must yield to the public exigency.") (citations omitted).

the process that is required, three factors must be weighed: (1) the nature and weight of the private interests affected by the official actions; (2) the risk of erroneous deprivation of the interest as a result of the procedures used, and the possible value of additional procedural safeguards; and (3) the governmental interests. *Mathews,* 424 U.S. at 335, 96 S.Ct. 893.

Although the Sixth Circuit has made no pronouncement on this issue, it is obvious that "[t]he uninterrupted use of one's vehicle is a significant and substantial private interest." *Scofield v. City of Hillsborough,* 862 F.2d 759, 762 (9th Cir.1988). Yet, this private interest does not come without a price, and that price is the legitimate need for the government to regulate who uses the roads and how they are used in order to promote public safety. *Delaware v. Prouse,* 440 U.S. 648, 658–61, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *South Dakota v. Opperman,* 428 U.S. 364, 367–69, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

■ As correctly pointed out by Defendants, there is no constitutional requirement that Plaintiff receive notice and a hearing prior to having his vehicle impounded for failure to have it properly registered. *See Scofield,* 862 F.2d at 763–64; *Kutschbach v. Davies,* 885 F.Supp. 1079, 1092 (S.D.Ohio 1995) (citing *Goichman v. Aspen,* 859 F.2d 1466, 1468 (10th Cir.1988)); *Weinrauch v. Park City,* 751 F.2d 357 (10th Cir.1984). As aptly pointed out by the *Scofield* Court:

> the government interest in towing unregistered vehicles is analogous to the government interest in towing illegally parked vehicles. By towing unregistered vehicles, the government removes these automobiles from the public streets, encourages owners to maintain automobile registration, and deters owners from violating state registration laws. If notice had to be given before a car with[out] registration could be towed, it is likely that the car would simply be driven away.

*Scofield,* 862 F.2d at 763–64. Due process in situations involving the towing and impoundment of a vehicle is satisfied when a person whose vehicle is impounded is given a prompt post-tow or post-impoundment hearing. *Id.* at 762.

In this instance, Defendant MacQueen found Plaintiff to be driving an unregistered vehicle. Upon questioning Plaintiff further, Defendant MacQueen determined that Plaintiff had no intention of registering his vehicle. Plaintiff maintains this stance in his Complaint and Response. At the time Defendant MacQueen issued Plaintiff the citation, Plaintiff received notice of the impoundment for failure to register his vehicle and also received notice of the time and place of a hearing. Plaintiff has not made an issue of the promptness of the post-impoundment hearing. Since Plaintiff has no constitutional right to pretowing or pre-impoundment notice or hearing for driving an unregistered vehicle, he has no constitutional claim for violation of Due Process under § 1983 and his Complaint again fails.

## IV. Attorney's Fees

■ In the Motion for Summary Judgment, Defendants have made a Motion for Attorney's fees under 42 U.S.C. § 1988. Section 1988 provides that "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In order to use its discretion to award attorney's fees to a prevailing party under § 1988, the Court must find that Plaintiff's " 'action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " *Wilson–Simmons v. Lake County Sheriff's Dep't,* 207 F.3d 818, 822–23 (6th Cir.2000) (quoting *Wayne v. Village of Sebring,* 36 F.3d 517, 530 (6th Cir.1994)). "A 'plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim

was groundless at the outset...." *Id.* at 823 (quoting *Smith v. Smythe–Cramer Co.,* 754 F.2d 180, 183 (6th Cir.1985)).

Although Plaintiff's first two claims regarding probable cause and a probable cause hearing are groundless, his due process claim was not necessarily beyond debate. The Sixth Circuit Court of Appeals has not made a definitive statement as to pre-impoundment notice and hearing requirements. Because this issue was debatable, Plaintiff's suit was not without foundation. Therefore, the Court will not assess Plaintiff attorney's fees pursuant to 42 U.S.C. § 1988.

### V. Conclusion

For the reasons stated above, the Court will grant Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 in favor of all Defendants in this case, including the County of Calhoun. The Court will also deny Defendants' request for reasonable attorney's fees. Due to the Court's decision on Defendants' Motion, Plaintiff's Motion for Default pursuant to Federal Rule of Civil Procedure 55 is denied as moot.

### JUDGMENT

In accordance with the Opinion issued on this date:

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 4) pursuant to Federal Rule of Civil Procedure 56 is **GRANTED** as to all Defendants, including the County of Calhoun.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. No. 2) be **DISMISSED** with **PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorney's Fees (Dkt. no. 4) pursuant .to 42 U.S.C. § 1988 is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default (Dkt. No. 19) is **DENIED** as moot.